SAMUEL FARRAR & another *vs.* HENRY A. PARKER & another.

Sureties on the bond of a deceased and insolvent guardian have the right to appeal from the decree of a judge of probate, settling an account of his guardianship, and' fixing an amount as due from his estate to the estate of the ward.

THE judge of probate charged the administratrix of Samuel A. Jewett, on an account rendered by her of his guardianship of Harriet E. Parker, with a balance of $3213.19 ; and, Jewett having died insolvent, the sureties upon his bond entered an appeal, which Henry A. Parker, the new guardian, and the ward, who had meanwhile become of age, moved to dismiss ; and *Chapman*, J. reserved the question of the right of the sureties to appeal, for the determination of the whole court.

*J. G. Abbott*, for the appellees. The decree does not directly affect the sureties ; they are not parties to it ; it does not establish or divest any right of property. A person aggrieved, who under the statute has a right of appeal, is one whose pecuniary interest is directly affected by the decree, and whose right of property may be established or divested by it. *Smith* v. *Bradstreet*, 16 Pick. 264. *Smith* v. *Sherman*, 4 Cush. 411. *Lewis* v. *Bolitho*, 6 Gray, 137. *Bryant* v. *Allen*, 6 N. H. 116.

*T. Wentworth*, for the appellants.

DEWEY, J. The matter adjudicated upon by the court of probate was an account of guardianship rendered by the administratrix of a deceased guardian, upon a citation issued upon the petition of the subsequently appointed guardian. The first guardian had died insolvent, without rendering any account

Upon the hearing before the judge of probate a decree had been passed, finding due to the ward a large sum from her late guardian. From this decree Samuel Farrar and Luther Tarbell, the sureties on the bond of the guardian, have taken an appeal to this court, and the question is, whether they have a right to take such appeal? Such authority, if it exists, is found in Gen. Sts. *c.* 117, § 8, which is as follows: " Any person aggrieved by an order, sentence, decree or denial of the court or judge, except in cases otherwise provided for, may appeal therefrom to the supreme judicial court." The language is not new, nor to be construed the first time. A similar provision existed in the Rev. Sts. *c.* 83, § 34, which has frequently been the subject of consideration by this court, although the precise question now raised is, we believe, a new one. The language in reference to appeals from the probate court is different from that used in reference to justices of the peace, police courts and the superior court. In all these cases, it is provided that any " party " aggrieved may appeal, while in the probate court the right of appeal is given to any " person " aggrieved. This language includes a wider range of persons than those entitled to an appeal in other courts. From the nature of the case it must be so, as in suits at law in the other courts there are well defined parties, the plaintiff and the defendant, parties whose names appear as litigants on the record. It is not so in cases in the probate court. The proceedings are under other forms, and usually upon public notice given to all persons who are interested.

It might have been held that the right of appeal from a decree of the probate court attached only to those who would have been held to be legal parties to the suit, under proceedings at common law or in equity. But the rule has not been thus strictly limited. The case of *Smith* v. *Bradstreet*, 16 Pick. 264, went much further. In that case, a will had been offered for probate, and the judge of probate had affirmed and established it. The effect of this decree was to defeat the operation of the statute of distributions, giving to his heirs at law the real estate of the deceased. The appellant was an attaching creditor of

47 *

the interests of one of the heirs at law of the deceased. He was neither a legatee nor an heir at law. As a direct party to the questions in issue before the probate court, he had no connection with the case; but, as he might eventually be affected, and lose the benefit of his attachment, if the will was established, it was held that he was entitled to take an appeal from the decree, as a person aggrieved thereby. Whether he would be injuriously affected by the decree, depended upon several contingencies. He had first to maintain his action, and obtain a judgment against the heir at law. The judgment, when obtained, might be satisfied from various other sources. But, under the broad words of the statute, the court held he might take such appeal.

In *Boynton* v. *Dyer*, 18 Pick. 1, an appeal was taken by the children of a person *non compos*, then alive, from a decree of the probate court allowing his guardian's account. The appellees were not legal parties. Their present legal rights were not affected by the decree. They had only a probable future interest that would be affected. The case of *Smith* v. *Sherman*, 4 Cush. 409, was an appeal from a decree appointing an administrator. The appellant was an administrator on the estate of the deceased in Virginia, but had no other interest in the estate in Massachusetts. The court said that the language of the statute was very broad, and a person is held by law aggrieved whose rights and interests are necessarily affected by a decree.

If there be any sufficient reason for sustaining the appeal in the two cases first cited, a much stronger ground exists here for the sureties in the bond of the guardian to appear and contest this decree. The principal is dead; his estate is insolvent; the sureties are the persons to be called upon to make good the delinquency thus found to exist on the part of the guardian.

This decree, if once properly established, fixes the amount of liability of the sureties on their bond. In ordinary cases of a solvent principal, whose property was ample to respond for all sums with which he might be charged, the sureties would have no immediate interest, nor can it be supposed that they would attempt to interpose against the will of the principal, if they had

the power so to do; but, in a case like the present, where the principal is dead and his estate is insolvent, they are directly interested and affected by the decree; and they are persons aggrieved by it, if the amount of the indebtedness of the guardian is settled upon wrong principles.   That it has been supposed that the sureties on the guardian's bond became thereby connected with this rendition of a proper account, and the ascertainment of the sums due from him, may be inferred from the case of *Curtis* v. *Bailey*, 1 Pick. 198, where, upon the removal of a guardian who had neglected to render his account, it was held by the court that the surety on his bond, or, as the case was there, the administrator of the surety, might properly render such account.   If he might properly render it, it would seem he might properly sustain its correctness by proof, and, if dissatisfied with the decree thereon, appeal from the same.   In *Lewis* v. *Bolitho*, 6 Gray, 137, in considering the question as to the right of a person to appeal from the decree of the judge of probate, this test is put by the court : " Did the decree of the probate court conclude or in any way affect the right of the appellant ? "

In the present case, it is obvious that the decree deeply affects the rights of the appellants.   It fixes the amount of property of the ward in the hands of his late guardian.   The guardian having died insolvent, his estate cannot be relied on to discharge his indebtedness as guardian.   The sureties are directly liable upon their bond; and the amount of this liability is fixed by the decree of the judge of probate, unless the same can be revised upon an appeal.

Under these circumstances, the court are of opinion that the sureties on the probate bond were competent parties to take an appeal from a decree of the judge of probate charging the guardian with a certain amount of indebtedness to the estate of his ward.        *Motion to dismiss the appeal overruled.*