# DAVID HOUSH

*v.*

# THE PEOPLE, etc. for use of Levi Camp.

1. COUNTY COURT—*presumption in favor of jurisdiction.* The county court, in matters in which it can act, is a court of general jurisdiction, and liberal intendments will be made in its favor. Until the contrary is made to appear, it will be presumed that such court had jurisdiction, and proceeded regularly.

2. SAME—*jurisdiction of the person.* Where an executor was cited by the county court to appear at the July term, 1869, to make a final settlement of his accounts, and show cause why he should not account for certain property which came to his hands, and he appeared, and the cause was continued, by consent, to the November term, when a portion of the evidence was heard, and the cause again continued to the next term, when an order was made requiring him, within thirty days, to file an account current, charging himself with sundry items amounting to $4483; and at the June term, 1870, the county court, for non-compliance with this order, and other acts of misconduct, found there was due from him, in favor of the estate, $1836.30, ordered its payment to his successor, and revoked his letters and appointed his successor; and the record failed to show any new citation or notice that further proceedings would be had against him at the latter term: *Held,* that the order made at the December term was not a final one, and that it would be presumed in favor of the jurisdiction of the court, nothing appearing to the contrary, that the cause was continued on the docket until the report required should be presented for approval, and was so continued until the order of removal was made.

3. JUDGMENT—*conclusive effect of orders of county court on executor and his securities.* Where the county court, having jurisdiction of the person of an executor by citation and appearance, after several continuances, made a final order finding the amount in his hands, revoking his letters, appointing his successor, and requiring the executor to pay over such sum to the successor within sixty days: *Held,* in a suit upon the executor's bond, that, as the county court had jurisdiction of the subject matter and of the person of the executor, the order was final and conclusive upon all parties affected by it, including the surety, as to the amount due from the executor to the estate, unless impeached for fraud.

4. PLEADING—*plea contradicting facts found by a final order or judgment of the county court.* In a suit upon the bond of an executor, where the declaration showed a final order of the county court finding a certain sum due from the executor to the estate, the defendants, by plea, attempted to

show that the amount found due by the county court was not the real amount due from the executor to the estate, but did not seek to impeach the order for want of jurisdiction in the court, or for fraud: *Held*, that a demurrer was properly sustained to such plea, as the order was conclusive upon the surety, except for want of jurisdiction or for fraud.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of debt, by Levi Camp, administrator, with the will annexed, of the estate of Peter Frans, deceased, upon the bond of Fauntleroy F. Frans, executor of the last will of the deceased. The declaration sets forth the final order and judgment of the county court of the proper county finding that there was due from the executor the sum of $1836.30 to the estate, revoking the letters testamentary, appointing an administrator *de bonis non*, with the will annexed, and requiring the executor to pay over such sum within sixty days; and among the breaches assigned, was a failure to pay over such sum. The appellant, who was surety on the executor's bond, filed his eighth plea, seeking to show that there was not due from the executor to the estate the sum found by the county court, but did not seek to impeach the order for fraud, or to show a want of jurisdiction in the county court. The other facts necessary to be stated may be found in the opinion.

Messrs. HANNAMAN & KRETZINGER, and Messrs. WILLIAMS & McKENZIE, for the appellant.

Messrs. CRAIG, HARVEY & BAILEY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action on an executor's bond. From the judgment rendered in the circuit court, appellant, who is the surety on the bond, prosecutes this appeal.

The principal point raised is, whether the county court had jurisdiction of the person of the executor to make the order

of June, 1870, which is made the basis of the right to recover in this action. That court certainly had jurisdiction of the subject matter; and if it had jurisdiction of the person, its judgments and orders can not be impeached collaterally, except for fraud. An action upon an administrator's bond to recover the amount found due by the county court, by any party interested therein, is a collateral proceeding.

It appears that Fauntleroy F. Frans, the executor, had been cited to appear at the July term, 1869, of the county court of Knox county, to show cause why he should not be ruled, as executor of Peter Frans, deceased, among other things, to account for property which he had not accounted for, and to make final settlement of the estate.

In obedience to the citation, the parties appeared, but the cause was continued from time to time, until, at the November term, 1869, the court heard a portion of the evidence and continued the cause until the seventh day of December, when an order was entered requiring the executor, within thirty days from the date of the order, to file an account current, in which he should charge himself with sundry items amounting, in the aggregate, to the sum of $4483, which funds, it is alleged, he had misapplied, and had not previously accounted for. The executor never complied with this order.

At the June term, 1870, the county court, for non-compliance with the order made at the December term, 1869, and for other acts of misconduct, revoked the letters testamentary of Frans, and, upon investigation, found that there was due from him, as the executor of Peter Frans, deceased, the sum of $1836.30, and entered an order of record directing him to pay that sum to his successor, to be appointed, within sixty days from the date of his letters.

Appellee was appointed administrator, with the will annexed, and gave bond as provided by law, and, after the expiration of sixty days from the date of the demand on the

former executor to pay the amount found by the court to be due from him to the estate, he commenced this action.

It does not appear, from anything in the record, that the executor was cited again to appear at the June term, 1870, or that he had any further notice that any further proceedings would be had against him at that term of the court; and, therefore, it is insisted that the court did not have jurisdiction of his person to make the order of that date.

The order made at the December special term, 1869, was not a final order in the cause; and it will be presumed, nothing to the contrary appearing, that the cause was continued on the docket until the report that the executor was required to make should be presented for approval.

The county court, in matters in which it can act, is a court of general jurisdiction, and liberal intendments will be made in its favor. *Propst* v. *Meadows,* 13 Ill. 157.

We must presume, in favor of the jurisdiction of the court, that it proceeded regularly, until the contrary is made to appear. Nothing to the contrary appearing in the record, we will infer that the cause was regularly continued to the June term, 1870. If so, the executor was in court, and hence it had jurisdiction to make the order of that date. The proceedings having been once begun, and the executor having appeared, he will be presumed to be in court, for all purposes, until the cause is finally disposed of. If the executor, or any party affected by it, were aggrieved by the action of the court, the remedy is by appeal. Not having availed of the remedy provided by the statute, the order of the court must be regarded as final and conclusive upon all parties affected by it. Hence, the judgment of the county court as to the amount found due from Frans, as executor of the estate of Peter Frans, deceased, is final, no appeal having been prosecuted therefrom, and the surety on the bond, as well as the executor, is concluded by the adjudication in that court. For this reason, the demurrer to the eighth plea was properly sustained. By this plea, appellant sought to show that the amount found due by the

county court was not the real amount due from the executor to the estate. This he could not do. Section 126 of the Statute of Wills, on this subject, was construed by this court in the case of *Ralston* v. *Wood,* 15 Ill. 159, and that decision is conclusive on this point in the case.

It is declared by that section of the statute that the judgment or order of a county court shall be evidence of a *devastavit,* and, if not complied with, will entitle the party in whose favor it is made to maintain an action both against the principal and the surety on his bond. Like any judgment rendered by a court of general jurisdiction, having jurisdiction of the person and subject matter, it can only be impeached in collateral proceedings for fraud.

Appellant has offered no evidence whatever to impeach the judgment of the county court. No reason is shown why the court did not have jurisdiction in the premises, and, indulging in the presumptions in favor of all courts of general jurisdiction, we must hold that it had; and, therefore, the judgment of the circuit court was correct, and must be affirmed.

*Judgment affirmed.*