## JOHN WOLFE *et al.*

*v.*

## ALLEN McCLURE.

1. INDEMNIFYING BOND *to an officer.* Whilst the statute does not expressly authorize a sheriff, who is about to execute a writ of replevin, to take from the plaintiff in replevin an indemnifying bond, still such a bond, if given, is a good obligation at common law.

2. COMMON LAW OBLIGATION. Any obligation, entered into voluntarily and for a good consideration, is valid at common law, when it does not

contravene the policy of the law, and is not repugnant to some statutory provision.

APPEAL from the Circuit Court of Carroll county; the Hon. W. W. HEATON, Judge, presiding.

Mr. WILLIAM BARGE, and Mr. SHERWOOD DIXON, for the appellants.

Messrs. ARMOUR & SHAW, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, in the Carroll circuit court, on an indemnifying bond executed to McClure, the sheriff of that county, in the penalty of one thousand dollars, with a condition reciting that, whereas, on the 18th of April, 1871, a writ of replevin issued out of the clerk's office, in favor of John Wolfe, and against Andrew Phillips, directed to the sheriff of Carroll county, and reciting that the sheriff, at the instance of Wolfe, was about to execute the writ, by taking, as Phillips' property, certain articles (naming them) liable to execution and attachment, of the value of five hundred dollars. It was provided, if Wolfe should thereafter and at all times defend, save, keep harmless and indemnify the said McClure, sheriff, as aforesaid, etc., etc., then the obligation to be void.

The bond purports to have been signed by John Wolfe, Eli D. Thomas and John H. Bowman, and was accepted by the sheriff.

To the action, the defendants Thomas and Bowman each pleaded *non est factum*, verifying the same by their respective oaths. The issue was tried by the court without a jury, and finding and judgment for the plaintiff. To reverse this judgment the defendants appeal.

The bond in question shows an important interlineation, by which the liability of the sureties was largely increased, and the principal question presented was, when was this interlineation made? Appellants testified it was made after the

bond was signed, whilst Bradley, the deputy sheriff, who performed the business and had the papers, testified the interlineation was made before the bond was signed. There is a direct conflict between the parties on the point, but as the transaction was three years old when the parties testified, and as Thomas and Bowman spoke from recollection only, that they did not remember seeing the interlineation when they read and signed the bond, and as Bradley knew the effect and consequences of an alteration of a writing after its execution, and swears positively to the fact that the writ and bond were both interlined in the office of Mr. Armour, when the omission was discovered, and before they went to the depot, where the parties signed it, we can not say the court found against the weight of the evidence. The judge trying the cause had an opportunity much better than we have to determine upon the effect of the evidence, and of its value, and we do not feel authorized to disturb his finding.

Appellants make the further point that no breach of the bond is shown.

It appears Wolfe failed in the replevin suit against Phillips, and did not deliver up the property he had replevied, and for which the sheriff had become liable to pay, and did pay to Phillips the sum of four hundred and forty-three dollars and fifty cents, the value of the property Wolfe had replevied. An action was brought by Phillips, against the sheriff and his sureties on his bond, and recovered a judgment for that amount, which McClure paid, and seeks a recovery in this action on the bond in question.

It is quite apparent the sheriff, in executing the writ in the replevin suit, instead of taking from Wolfe a regular replevin bond, took the one in question, and, as is said by his counsel, not with any wrong intent, but by mistake.

It is admitted the bond is not a statutory bond in an action of replevin. On this, appellants make their third point, which is, that appellee, as sheriff, had no right to demand or receive

this bond, and no right to recover on it, even admitting it was duly executed by appellants.

To this, it is answered, the statutes of this State nowhere forbid taking such a bond, and if not expressly authorized by statute, it is, nevertheless, a good obligation at common law.

The authorities cited by appellee sustain this position. *Fournier* v. *Faggot*, 3 Scam. 347, *Pritchett* v. *The People*, 1 Gilm. 525, where the general rule was said to be that any obligation, entered into voluntarily and for a good consideration, was valid at common law, when it does not contravene the policy of the law, and is not repugnant to some statutory provision.

Other courts hold the same doctrine, and we have no occasion to disavow it.

Not seeing any error in the record, the judgment must be affirmed.

*Judgment affirmed.*