Sarah Moulding, Executrix, etc., v. William Wilhartz, Assignee, etc.

1. Voluntary Assignments—*Conditions of Bond Construed.*—An assignee's bond, conditioned that the assignee shall in all things discharge his duties as assignee, and shall obey and carry out any and all orders which the County Court has heretofore entered, or may hereafter enter, is a surety that he shall pay over and account for all moneys which at the time of the execution of the bond he ought to have had in his hands, as well as all that should thereafter come into his hands.

2. Same—*Assignee and Sureties Bound by Bond as Executed.*—An assignee and his sureties are bound by the terms of the bond which they execute, and a new bond given under the orders of the court will not be held to have been illegally exacted from the assignee, and binding on neither him nor his sureties, because its terms are in excess of those prescribed by statute.

3. Same—*Appeals by Sureties on Assignee's Bonds.*—The sureties on the bond of an assignee have an interest in an order requiring such assignee, who has been removed, to pay an amount therein named to his successor, and are entitled to appeal from such an order.

4. Same—*When Orders of Court are Conclusive on Assignee's Sureties.* —The sureties on an assignee's bond are concluded in a collateral proceeding by the finding of the County Court as to the amount unaccounted for that came to the hands of the assignee and which he was ordered to pay over.

**Claim in Probate.**—Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

## Statement of the Case.

The following extract from the abstract of the record, filed in this court, sufficiently shows the facts in this case concerning which there is no dispute:

Claim filed in the Probate Court by William Wilhartz, assignee of Henry Simon, insolvent, showing that, on the 19th day of November, 1883, Henry Simon executed and delivered a deed of assignment to Jay J. Read, assignee, which was filed in the County Court of Cook County on said date; that Jay J. Read, on the 27th of November, 1883, filed his bond of $40,000, which was approved by the clerk of

said County Court; that the assignee took possession of the property of Henry Simon; that, on the —— day of ————, 1889, it appearing to the said County Court that said assignee, Jay J. Read, had disposed of more than $6,000 of the funds of said estate without the order of said County Court, that the sureties upon the bond were insolvent, it was ordered by the County Court that said Jay J. Read, as such assignee, file an additional bond to secure the creditors of said estate, and that thereafter, on the 7th of March, 1889, said Jay J. Read, as such assignee, filed an additional assignee's bond, with Lafayette R. Read, Thomas Moulding and Ossian D. Frary, as sureties; which bond was approved by the clerk of said County Court, copy of which is attached to said claim, marked " Ex. A," and is as follows:

" Know all men by these presents, that we, Jay J. Read, as principal, and Lafayette R. Read, Thomas Moulding and Orson D. Frary, as sureties, of the county of Cook and State of Illinois, are held and firmly bound unto the people of the State of Illinois, for the use of the creditors of Henry Simon, insolvent, in the matter of the estate of Henry Simon, insolvent, now pending in the County Court of Cook County, Illinois, in the penal sum of twenty-five thousand dollars ($25,000) current money of the United States, which payment well and truly to be made, we and each of us, do hereby bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents.

Witness our hands and seals this seventh day of March, 1889.

The condition of this obligation is such that whereas, the above bounden Jay J. Read, assignee of said Henry Simon, and assignee of the estate of said Henry Simon, now pending in the County Court of Cook County, Illinois, as aforesaid, has disposed of more than $6,000 of the funds of said estate without the orders and direction of said County Court; and whereas, the creditors of said Henry Simon claim that the sureties upon the bond heretofore filed by said Jay J. Read, as such assignee, in the matter of the estate of said Henry Simon, pending in said County Court of Cook County, are

insolvent; and, whereas, said County Court of Cook County has ordered said Jay J. Read, as such assignee, to file an additional bond in said estate to secure to the creditors of said estate all moneys and property which come into his hands as such assignee: Now, therefore, if the above bounden Jay J. Read, assignee of the estate of Henry Simon, aforesaid, shall in all things discharge his duties as assignee of the estate of said Henry Simon, as aforesaid, and faithfully execute the trust confided to him, and shall pay and distribute all the moneys and other property which are now in his possession, custody and control, or which shall come into his possession, custody or control as such assignee, among and between the creditors of said Henry Simon, under and pursuant to any and all orders which said County Court of Cook County has heretofore entered in the matter of the estate of said Henry Simon, insolvent, pending in said County Court of Cook County, Illinois, or which may hereafter be entered in said estate, and shall execute, obey and carry out any and all orders and directions of said County Court of Cook County, Illinois, or which may hereafter be entered in said estate, and shall execute, obey and carry out any and all orders and directions of said County Court of Cook County, which have been heretofore entered in the matter of said estate, or which may hereafter be entered therein, then the above obligation to be void, otherwise to remain in full force.

JAY J. READ,              [SEAL.]
LAFAYETTE R. READ,        [SEAL.]
THOMAS MOULDING,          [SEAL.]
OSSIAN D. FRARY,          [SEAL]."

Claimant now shows that on the 15th day of February, 1892, said County Court found that Jay J. Read, as such assignee, had in his possession certain moneys belonging to the estate of said Henry Simon, and directed said Jay J. Read to pay the balance of said money, after payment of solicitor's fees, to the clerk of said County Court; that on the 12th of July, 1892, it appearing to the court that the order concerning the payment of said moneys had not been com-

plied with, it was ordered that said assignee be removed, and claimant, William Wilhartz, was appointed assignee of said estate upon filing his bond in the sum of $10,000; and it was ordered further, that said Jay J. Read pay and turn over to claimant, as his successor, the sum of $6,654.29, so found to be due and owing said estate from said Jay J. Read; that claimant qualified as such assignee and filed his assignee's bond in the sum of $10,000, which was approved by the clerk of said court. Claimant further shows that said Jay J. Read has failed and refused to pay to claimant said sum of.$6,554.29, and still fails and refuses so to do, and that said Thomas Moulding, deceased, is one of the sureties upon the assignee's bond of said Jay J. Read; that by reason of the failure of said Jay J. Read to pay said moneys to the creditors of said Henry Simon, and by reason of his failure to carry out the orders of said County Court, and more particularly the order of said County Court directing the said Jay J. Read to pay claimant the sum of $6,654.29, the conditions of said bond have been broken, and liability has attached to said Thomas Moulding as one of the sureties upon said assignee bond.

Claimant further shows that there is due and owing claimant from the said Thomas Moulding, deceased, the sum of $6,654.29, with interest at the rate of five per cent from the 12th of July, 1892, and that claimant has no other claim against said estate.

Verification of claim by William Wilhartz.

MONK & ELLIOTT, attorneys for appellant.

MOSES, PAM & KENNEDY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We do not understand that the truth of the matters set forth in the statement of the claimant is disputed, save the concluding statement as to there being due, etc.

It is urged by the appellant that the defalcation of Jay

J. Read occurred prior to the execution of the bond in question, and that therefore the sureties upon said bond are not liable.

Not only the recitals in the bond, but the condition thereof, plainly show that the bond was intended to be security for all moneys and property which then was in possession of the assignee, or might come into his possession, and that the assignee, Jay J. Read, should in all things discharge his duties as assignee, pursuant to any and all orders which the County Court of Cook County had theretofore entered or might thereafter enter, and obey and carry out all orders of said County Court which had been theretofore or might thereafter be made.

It is therefore quite immaterial whether said Jay J. Read had, at the time of the making of this bond, actually in his hands, custody and possession, moneys and property of the estate, or whether he had theretofore, in violation of his duty and the orders of the County Court, disposed of the same.

The bond was intended to be and is a surety that he should pay over and account for all moneys which, at the time of the execution of the bond, he ought to have had in his hands as such assignee, as well as all that should thereafter come into his hands.

It is also urged that the bond is not such a one as is prescribed by the statute, and therefore such portions of it as provide for the due execution of orders theretofore made are invalid.

The bond was voluntarily given. The position as assignee which Mr. Read then held was not one to which he had title by virtue of an election by the people, or by appointment, having a definite term of office, and from which he could only be removed by proceedings in the nature of an impeachment. It was the right and the duty of the County Court, if at any time it became satisfied that the bond the assignee had already given was insufficient, to require him to give a new one, and such new bond can not be considered, because its terms are in excess of those prescribed by statute, as having been something illegally ex-

acted from Mr. Read, and consequently something upon which neither he nor his sureties are liable. Wolfe v. McClure, 79 Ill. 564; Todd v. Cowell, 14 Ill. 72; Decker v. Judson, 16 N. Y. 439; Scofield v. Churchill, 72 N. Y. 565.

The sureties on the bond are concluded by the findings of the County Court as to the amount unaccounted for that came to the hands of the assignee, and which he was ordered by the County Court to pay over, and the sureties are not entitled to have such matter re-tried. Housh v. The People, 66 Ill. 178; Gillett v. Wiley, 126 Ill. 310; Frank v. The People, 147 Ill. 105; People v. Seelye, 146 Ill. 189; Kalleman v. Estate of Guthrie, 142 Ill. 357; Ammons v. The People, 11 Ill. 6; Fogarty v. Ream, 100 Ill. 366.

The order of the County Court made July 12, 1892, commanding Jay J. Read to pay to the claimant the sum of $6,654.29, was one in which the sureties upon the bond of Read had an interest—were, in the language of the statute, "aggrieved" thereby—and were therefore entitled to appeal therefrom. Weer v. Gand, 88 Ill. 490.

Appellant can not, in this proceeding, litigate a matter upon which there was an order of the County Court from which he could have appealed.

Counsel for appellant urge that the assignee having paid a judgment described as the Kusworm judgment, without an order of court therefor, and not being allowed the amount so paid, and it being admitted that such judgment was a proper claim to the extent of $1,500, he, the assignee, is entitled to be allowed, as against the estate, a claim to the extent of $1,500; that is to say, that as, but for the payment made by him, there would have existed against the estate a claim for $1,500, which he has disposed of, he is entitled to an allowance to the extent of whatever dividend would have been due upon such claim for $1,500.

We think counsel for appellant is right as to this, and upon an examination of the abstract of record, we find that such allowance was made, the finding being that after crediting the assignee with this $1,500, he owed the amount which the County Court ordered him to pay.

The judgment of the Circuit Court is therefore affirmed.