### SARAH MOULDING, EXRX.

*v.*

### WILLIAM WILHARTZ, Assignee.

*Opinion filed November 8, 1897.*

1. VOLUNTARY ASSIGNMENTS—*county court may require assignee to give additional bond.* A county court finding that an assignee in insolvency has disposed of funds of the estate without the order of the court, and being satisfied that the sureties on the assignee's bond are insolvent, may require an additional bond to be given.

2. SAME—*fact that assignee's bond contains conditions not prescribed by statute does not release sureties.* The fact that a new bond required of an assignee by the court contains conditions not prescribed by statute, which require the assignee to obey all orders of the court previously or subsequently entered, does not release a surety voluntarily executing the bond from liability, on the ground that such added conditions were illegally exacted.

3. BONDS—*when sureties on assignee's bond will be liable for assignee's prior delinquency.* The sureties on a new bond required of an assignee by the county court, which provides, in addition to the statutory conditions, that the assignee shall obey all orders of the court previously or subsequently entered, are liable upon the assignee's failure to obey an order of the court requiring him to account for funds of the estate which he had paid out without authority before the new bond was executed.

4. RES JUDICATA—*county court's finding as to assignee's delinquency is binding on bondsmen in collateral proceeding.* The sureties on an assignee's bond may appeal from an order of the county court requiring the assignee to pay over funds of his assignor's estate found by the court to be unaccounted for, but such order cannot be attacked in a collateral proceeding to recover upon the bond.

*Moulding v. Wilhartz,* 67 Ill. App. 659, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

MONK & ELLIOTT, for appellant:

To the statutory conditions the bond taken adds, among others, one requiring the assignee to obey all orders of the county court, and it is only these unauthorized conditions of which a breach was committed. Such superadded conditions having been illegally exacted of the assignee, and imposing upon the sureties obligations more onerous than the statute prescribes, are without authority of law, and wholly void. *Erlinger* v. *People*, 36 Ill. 458; *Talman* v. *Green*, 39 id. 225; *Richardson* v. *Crandall*, 48 N. Y. 348; *Gurmond* v. *People*, 1 Hill, 343; *Webb* v. *Albertson*, 4 Barb. 51; *People* v. *Meighan*, 1 Hill, 298; *Coin* v. *Guillot*, 10 La. Ann. 124; *District of Columbia* v. *Wagaman*, 4 Mackey, 337; *United States* v. *Humanson*, 6 Sawyer, 202; *Armstrong* v. *United States*, 1 Pet. 46; *United States* v. *Brown*, Gilpin, 155; *Hawes* v. *Marchant*, 1 Cur. 136; *United States* v. *Tingey*, 5 Pet. 115.

The engagement of the sureties is for the future, and not for the past, conduct of the officer; and the rule applies as well when successive bonds are given during the same appointment or term of office as where there are different bonds under successive appointments or terms, and also to cases in which an additional bond is required of the officer. The sureties are in no case liable for money misapplied by their principal before the execution of the bond upon which their names appear as sureties. *Pawpaw* v. *Eggleston*, 25 Mich. 36; *Rochester* v. *Randall*, 105 Mass. 295; *Stern* v. *People*, 96 Ill. 475; *Coombs* v. *People*, 76 id. 383; *Detroit* v. *Weber*, 29 Mich. 24; *United States* v. *Lynn*, 1 How. 104; *Vivian* v. *Otis*, 25 Wis. 518; *Farrar* v. *United States*, 5 Pet. 373; *United States* v. *Brown*, Gilpin, 155; *Arm-*

*strong* v. *United States*, 1 Pet. 46; *State* v. *Watts*, 23 Ark. 304; *Sebastian* v. *Bryan*, 21 id. 447; *Allen* v. *Starr*, 61 Ind. 268.

That officers of the court have no stated term of office, and may be ruled from time to time to give new bonds and still hold under their original appointment, is no reason for making any difference between the liability of their sureties and that of sureties of public officers required to give successive bonds during the same appointment or term, who, it is conceded, cannot be held for past defaults. The rule is not confined to sureties of public officers. *Allen* v. *State*, 61 Ind. 268; *Sebastian* v. *Bryan*, 21 Ark. 447; *Phillips* v. *Brazeal*, 14 Ala. 746.

MOSES, ROSENTHAL & KENNEDY, and PAM & DONNELLY, for appellee:

The bond upon which appellee's claim was filed is valid in its entirety as a good common law obligation, not only as to its statutory conditions, but also as to those which are not statutory and those which have been termed "retroactive" conditions, the same having been given freely and voluntarily by the surety and not being in violation of any statute or public policy. *Erlinger* v. *People*, 36 Ill. 458; *Todd* v. *Cowell*, 14 id. 72; *Wolfe* v. *McClure*, 79 id. 564; *Richardson* v. *People*, 85 id. 495; *Schill* v. *Reisdorf*, 88 id. 411; *Railway Co.* v. *Aurora*, 99 id. 205; *Gradle* v. *Hoffman*, 105 id. 147; *Abrahams* v. *Jones*, 20 Ill. App. 83.

Even though the bond in question were void as to conditions which are not statutory and as to those which are styled "retroactive," the conditions are divisible and severable, and the bond is a good bond as to that portion thereof which is statutory. *Erlinger* v. *People*, 36 Ill. 458; *Schill* v. *Reisdorf*, 88 id. 411; *Railway Co.* v. *Aurora*, 99 id. 205; *Vinyard* v. *Barnes*, 124 id. 346.

The principle obtaining in other jurisdictions, that obligations procured *colore officii* are void, is not the law of Illinois, either by legislative enactment or by judicial construction, and if it were, such a doctrine has no ap-

plication to a bond of this character. *Decker* v. *Judson,*
16 N. Y. 439; *Griffiths* v. *Hardenbergh,* 41 id. 464; *Chamber-
lain* v. *Beller,* 18 id. 115.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from an order of the probate court
allowing the claim of William Wilhartz, assignee of Henry
Simon, insolvent, against the estate of Thomas Moulding,
deceased.    The facts shown by the record are as follows:
Henry Simon executed a deed of assignment to Jay J. Read
in 1883, who accepted the trust and filed his bond in the
sum of $40,000, which was approved and the assignee took
possession of the property.    In 1889, it appearing to the
court that he had disposed of some $6000 of the funds of
the estate without the order of court and that the sureties
on his bond were insolvent, it was ordered by the court
that he file an additional bond to secure the creditors of
the estate.    In pursuance of that order he did, on the 7th
day of March, 1889, file an additional bond in the sum
of $25,000, and the said Thomas Moulding, deceased, was
one of the sureties on the same, which bond was approved.
After the obligation of the bond, which ran to the People
of the State of Illinois, and the recitation of the facts as
to the disposition of more than $6000 of the funds of the
estate without the order of court by the assignee, and the
insolvency of the sureties on the original bond, and the
order of court requiring additional security, the condition
recites as follows: "Now, therefore, if the above bounden
Jay J. Read, assignee of the estate of Henry Simon, afore-
said, shall in all things discharge his duties as assignee
of the estate of the said Henry Simon, as aforesaid, and
faithfully execute the trust confided to him, and shall
pay and distribute all the money and other property which
are now in his possession, custody and control, as such
assignee, among and between the creditors of said Henry
Simon under and pursuant to any and all orders which
said county court of Cook county has heretofore entered

in the matter of the estate of said Henry Simon, insolvent, pending in said county court of Cook county, Illinois, or which may hereafter be entered in said estate, and shall execute, obey and carry out any and all orders and directions of said county court of Cook county which have been heretofore entered in the matter of said estate or which may hereafter be entered therein, then the above obligation be void, otherwise to remain in full force."

The county court, on the 15th day of February, 1892, found the assignee had in his possession certain moneys belonging to the estate of said Simon, and ordered him to pay the same, less certain fees, to the clerk of said court. The assignee failing to do so, was removed and the present claimant appointed in his stead, and Read ordered to pay over the sum of $6654.29 found to be due and owing the estate from Jay J. Read, which latter order he failed to obey. In the meantime Thomas Moulding died, and appellant, his widow, was appointed his executrix. This action is a claim against the estate of Thomas Moulding for a breach of the last mentioned bond.

The Appellate Court in its decision, (67 Ill. App. 659,) the opinion being filed by WATERMAN, J., disposes of the case as follows:

"It is urged by the appellant that the defalcation of Jay J. Read occurred prior to the execution of the bond in question, and that therefore the sureties upon said bond are not liable. Not only the recitals in the bond, but the condition thereof, plainly show that the bond was intended to be security for all moneys and property which then was in possession of the assignee or might come into his possession, and that the assignee, Jay J. Read, should in all things discharge his duties as assignee pursuant to any and all orders which the county court of Cook county had theretofore entered or might thereafter enter, and obey and carry out all orders of said county court which had been theretofore or might thereafter be made. It is therefore quite immaterial whether said Jay J. Read had, at

the time of the making of this bond, actually in his hands, custody and possession moneys and property of the estate, or whether he had theretofore, in violation of his duty and the orders of the county court, disposed of the same. The bond was intended to be, and is, a surety that he should pay over and account for all moneys which, at the time of the execution of the bond, he ought to have had in his hands as such assignee, as well as all that should thereafter come into his hands.

"It is also urged that the bond is not such a one as is prescribed by the statute, and therefore such portions of it as provide for the due execution of orders theretofore made are invalid. The bond was voluntarily given. The position as assignee which Mr. Read then held was not one to which he had title by virtue of an election by the people or by appointment, having a definite term of office, and from which he could only be removed by proceedings in the nature of an impeachment. It was the right and the duty of the county court, if at any time it became satisfied that the bond the assignee had already given was insufficient, to require him to give a new one, and such new bond cannot be considered, because its terms are in excess of those prescribed by statute, as having been something illegally exacted from Mr. Read, and, consequently, something upon which neither he nor his sureties are liable. *Wolfe* v. *McClure*, 79 Ill. 564; *Todd* v. *Cowell*, 14 id. 72; *Decker* v. *Judson*, 16 N. Y. 439; *Scofield* v. *Churchill*, 72 id. 565.

"The sureties on the bond are concluded by the findings of the county court as to the amount unaccounted for that came to the hands of the assignee, and which he was ordered by the county court to pay over, and the sureties are not entitled to have such matter re-tried. *Housh* v. *People*, 66 Ill. 178; *Gillett* v. *Wiley*, 126 id. 310; *Frank* v. *People*, 147 id. 105; *People* v. *Seelye*, 146 id. 189; *Kattelman* v. *Estate of Guthrie*, 142 id. 355; *Ammons* v. *People*, 11 id. 6; *Fogarty* v. *Ream*, 100 id. 366.

"The order of the county court made July 12, 1892, commanding Jay J. Read to pay to the claimant the sum of $6654.29, was one in which the sureties upon the bond of Read had an interest,—were, in the language of the statute, 'aggrieved' thereby,—and were therefore entitled to appeal therefrom. (*Weer* v. *Gand*, 88 Ill. 490.) Appellant cannot in this proceeding litigate a matter upon which there was an order of the county court from which he could have appealed.

"Counsel for appellant urge that the assignee, having paid a judgment described as the 'Kusworm judgment,' without an order of court therefor, and not being allowed the amount so paid, and it being admitted that such judgment was a proper claim to the extent of $1500, he, the assignee, is entitled to be allowed, as against the estate, a claim to the extent of $1500,—that is to say, that as, but for the payment made by him, there would have existed against the estate a claim for $1500, which he has disposed of, he is entitled to an allowance to the extent of whatever dividend would have been due upon such claim for $1500. We think counsel for appellant is right as to this, and upon an examination of the abstract of record we find that such allowance was made, the finding being that after crediting the assignee with this $1500 he owed the amount which the county court ordered him to pay."

It is unnecessary to decide in this case whether the bond in question can be held good as a common law obligation, it being, as we think, clearly authorized by the provisions of section 12, chapter 72, of the statute. (Starr & Curtis' Stat.—2d ed.—pp. 2189, 2190.) The doctrine that sureties on a penal bond are not liable for default of their principal committed before the commencement of his term of office has no application to this case.

We concur in the conclusion and reasoning of the Appellate Court as above stated, and its judgment will be affirmed. *Judgment affirmed.*