## In re CARTWRIGHT.

No. 7615—Opinion Filed July 25, 1916.

Rehearing Denied May 22, 1917.

(164 Pac. 1148.)

### Appeal and Error—Surety on Bond—Right of Appeal.

The surety on the bond of a guardian, when aggrieved, may appeal to the district court from a decree of the county court settling the final account of the guardian.

(Syllabus by Edwards, C.)

Error from District Court, McIntosh County; R. W. Higgins, Judge.

The Southwestern Surety Insurance Company, surety on the bond of King Walton, as guardian of Charlie Cartwright, appeals from a judgment of the district court, dismissing an appeal from the probate court, disapproving certain items claimed as credits by the guardian. Reversed.

Kent V. Gay, for plaintiff in error.

C. H. Tully, for defendant in error.

Opinion by EDWARDS, C. One King Walton was guardian for Charlie Cartwright, a minor. The Southwestern Surety Insurance Company was surety on said Walton's guardianship bond. In 1913 the probate court removed the said Walton as guardian and ordered him to file his final report. The final report was filed, the hearing thereon had, the resignation of the said Walton accepted, and another guardian appointed for the minor. Upon hearing of such final report the court disapproved certain items aggregating $448.18 claimed as credits by the said Walton, as guardian. The surety on the guardianship bond appealed from said order disapproviding said items to the district court. The guardian appointed subsequently to the removal or resignation of Walton filed in the district court a motion to dismiss the appeal assigning as a reason that the court had no jurisdiction of the appeal as taken by the plaintiff, for the reason that the Southwestern Surety Insurance Company had no power or authority at law to appeal from the order or decree complained of, which motion was by the court sustained and the appeal dismissed. From the order dismissing the appeal the said Southwestern Surety Insurance Company appealed to this court. In a decision of this cause it must be determined whether or not the surety, upon a guardianship bond, though not a party to the action, may appeal from an order of the county court approving or disapproving the final report of the guardian.

The statutory provisions in regard to this are as follows:

Section 6501, Revised Laws 1910:

"An appeal may be taken to the district court from a judgment, decree or order of the county court. * * *

"Sixth. Settling an account of an executor, or administrator or guardian."

Section 6502:

"Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains, was rendered or made upon his default."

Section 6503:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceedings in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it has been previously acquired, may appeal as prescribed in this article. The facts which entitle such person to appeal, must be shown by an affidavit which must be filed with the notice of appeal."

It is well settled that the final settlement of a guardian's account had in the county court is conclusive upon the sureties on a guardian's bond, regardless of whether or not they were parties to the proceedings. Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S) 308; Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Henry v. Melton, 46 Okla. 278, 148 Pac. 730. And if such order becomes final, the sureties must pay the amount found due in case the principal defaults. In the case of Swackhamer v. Kline's Adm'r, 25 N. J. Eq. 503, it is said:

"A party aggrieved is one whose pecuniary interest is directly affected by the decree; one whose right of property may be established or divested by the decree."

And in Farrar v. Parker, 85 Mass. (3 Allen) 556, the court discussed this proposition at some length, and says:

"In the present case, it is obvious that the decree deeply affects the rights of the appellants. It fixes the amount of property of the ward in the hands of his late guardian. The guardian having died insolvent, his estate cannot be relied on to discharge his indebtedness as guardian. The sureties are directly liable upon their bond; and the amount of this liability is fixed by the decree of the judge of probate, unless the same can be revised upon appeal."

The facts in the latter case are not entirely similar to the case at bar, but the principle it announces is in point. In the case of Moulding v. Wilhartz, 169 Ill. 422, 48 N. E. 189, the court holds:

"In an action on an assignee's bond, the sureties are concluded by the findings of the county court as to the amount unaccounted for that came into his hands, and which he was ordered to pay over, no appeal being taken therefrom, since they had an interest in such order, were 'aggrieved' thereby, and were entitled to appeal from it."

In Calhoun v. Gray, 150 Mo. App. 591, 131 S. W. 478, the court discussed the liability of sureties upon bonds at some length, including bonds of the kind involved in this action, and holds that a surety on the cost bond may file a motion to retax the costs, though not mentioned in the judgment, and may appeal from the judgment against the principal alone as being aggrieved by such judgment. And in the case of Mertz v. Mehlhop, 117 Ill. App. 77, it is held that:

"A surety upon a guardian's bond may appeal from an order restraining the account of his principal as guardian of a minor."

There are numerous other holdings of like effect. Since the sureties upon the guardian's bond are bound by the order of the county court settling the final account of the guardian, it is evident that the protection afforded a surety is somewhat meager, as he may not, in the absence of fraud, resist his liability upon the bond, or question the correctness of the account or the order of the court thereon, unless the law gives him the right of appeal. In our judgment a proper construction of the statutes above referred to does give the surety a right to appeal from orders of the county court allowing or disallowing the final account of the guardian or particular items thereof.

The judgment will be reversed, with instructions to the lower court to proceed in conformity with this opinion.

By the Court: It is so ordered.