JAQUA ET AL. *v.* REINHARD, ADMINISTRATOR ET AL.

[No. 15,084.   Filed June 21, 1934.   Rehearing denied October 1, 1934.]

*James J. Moran* and *Frank B. Jaqua*, for appellants.
*Roscoe D. Wheat*, for appellees.

CURTIS, J.—This was an action in the trial court growing out of and connected with the estate of Francis M. McLaughlin, deceased.

Charles W. McLaughlin, on July 28, 1925, was appointed administrator of said estate and gave bond in the sum of $3000.00, with the appellants as sureties thereon, for the faithful discharge of his duties as administrator. He filed his first current report on September 15, 1927, which was duly approved by the court on October 3, 1927. He filed his second current report on October 6, 1930, and on January 3, 1931, the appellee, Jessie M. Reinhard, filed her exceptions to various items of each of said reports. The questions raised by the administrator's said reports, and the exceptions thereto, were tried by the court below who sustained some of the exceptions, overruled others, and ordered the said administrator to pay to the clerk of the court for the use and benefit of said estate the sum of $2,092.39.

During the pendency of the above mentioned proceedings, Charles W. McLaughlin resigned as such administrator and his resignation was accepted, but the order of the court was that upon the payment of said sum of $2,092.39 the said administrator is discharged as such. On December 31, 1932, after the rendition of the judgment herein appealed from, William G. Reinhard was duly appointed administrator of said estate to succeed him.

After the rendition of said judgment the appellants, as the bondsmen of the said Charles W. McLaughlin, upon a showing of his insolvency, asked and were granted leave by the court to intervene for the purpose

of filing motions to modify the judgment and for a new trial, both of which motions were overruled and exceptions duly reserved to said rulings, and this appeal prayed and perfected.

The errors relied upon for reversal are: First, that the court erred in overruling appellants' motion to modify the judgment; second, the court erred in overruling appellants' motion for a new trial.

Aside from the preliminary question presented by the appellees' motion to dismiss this appeal, the only other questions that need to be considered arise under the said motion for a new trial, which contains, among other causes, the following: A. The decision of the court is not sustained by sufficient evidence; B. the decision of the court is contrary to law; C. error in the amount of the recovery in that the same is too large. See *Security Trust Company* v. *Jaqua* (1926), 85 Ind. App. 234, 150 N. E. 418, 152 N. E. 298.

The appellees have filed a motion to dismiss this appeal, and forcefully argue that it should be sustained. In connection with said motion it is to be noted that the judgment and order of the court from which this appeal is taken is as follows: "It is therefore ordered by the court that Charles W. McLaughlin, administrator of the estate of Francis M. McLaughlin, deceased, pay to the clerk of this court the sum of $2092.39 for the use and benefit of the estate of Francis M. McLaughlin, deceased, and that upon the payment of said sum that said administrator is discharged as such." The basis of the motion to dismiss is two-fold, to wit: First, "that Charles W. McLaughlin, administrator of the estate of Francis M. McLaughlin, deceased, was a party to the judgment and order of court rendered in this cause, and was and is affected by said judgment and order and a necessary party of the assignment of errors and this appeal." Second, "that the appellants Judson A.

Jaqua and Paul C. Jaqua were not parties to the judgment and order of the court rendered in this matter, and therefore, have no right of appeal."

This appeal is governed by sections 3310 and 3311 of Burns 1926 (§§6-2001, 6-2002, Burns 1933, §§3277, 3278, Baldwin's 1934), which provide that: "Any person considering himself aggrieved by any decision of a circuit court, . . . growing out of any matter connected with a decedent's estate may prosecute an appeal . . ."; and that, ". . . any person who is aggrieved, desiring such appeal, may take the same in his own name without joining any other person . . ." The questions presented by the motion to dismiss require a determination as to whether or not the appellants in the instant case are "aggrieved persons" within the meaning of the above statute, and the further question as to whether or not it is necessary in the assignment of error for said appellants to name the said Charles W. McLaughlin. He was not named by them in the assignment of error.

The Supreme court in the case of *Brier* v. *Childers* (1925), 196 Ind. 520, 523, 525, 148 N. E. 474, in dealing with a motion to dismiss an appeal therein, and in speaking of the above provisions of the statute said: "But it does not purport to excuse compliance with the established rule that all parties to the judgment below adverse to appellant, who have an interest in maintaining it as against the relief he is seeking, must be named as parties in the assignment of errors in order that this court may have jurisdiction." In that case there was a proceeding by the administrator to sell real estate to make assets to pay debts. The heirs were made parties defendants. Charles E. Brier filed a cross-complaint asking that certain parcels of land owned by the appellant therein, and Henry F. and Fred C. Brier, be first sold, and it was so ordered by the court. Ernest Brier,

alone, appealed not making the said Henry F. and Fred C. Brier parties thereto, although they were named in the judgment below. In overruling said motion, the court said: ". . . we think the three owners of the lands thus ordered to be first sold must all be deemed potential appellants, so that one of them, in appealing under §3311, Burns 1926, §2978, Burns 1914, *supra,* need not name the other two as parties to his appeal." To the same effect see *Hughes* v. *Yates et al.* (1924), 195 Ind. 182, 184, 144 N. E. 863, wherein the rule is stated to be as follows: "The rule is that any party to the judgment appealed from who has an interest that it be maintained (among others) is a necessary party."

This appeal being governed by sections 3310-3311, Burns 1926, *supra,* the right to appeal and the method of appeal are measured by that statute.

The record here shows that the appellants are the bondsmen of Charles W. McLaughlin, administrator of said estate, and that their petition for leave to intervene set up facts showing that the said McLaughlin was wholly insolvent and that said bondsmen were liable for the payment of the judgment rendered against the said McLaughlin. They contend that under the decision of this court in *Western Indemnity Company* v. *Davidson* (1921), 75 Ind. App. 77, 129 N. E. 860, that the judgment and order of the court against the said McLaughlin is conclusive on both him and his sureties, even though said sureties were not parties of record to the litigation in which the judgment was rendered, and had no notice of the pendency of said proceedings, and that, therefore, they are aggrieved persons within the meaning of said sections 3310 and 3311, Burns 1926, *supra.* While it is true that a judgment upon the bond would still be necessary before an execution could be levied against the said sureties, yet the judgment and order against the administrator is binding

and conclusive upon said sureties in a suit upon said bond, and we believe that they are aggrieved persons within the meaning of said statutes governing this appeal. The statute referred to gives a right of appeal to any aggrieved *person* and it is not necessarily confined to a *party* to the judgment.

The said Charles W. McLaughlin has no interest in maintaining the judgment against him that is in any sense adverse to these appellants. Their interests in that respect would be identical, and under the provisions of the statute and as it has been interpreted by the cases in the Supreme Court above referred to, it is our opinion that it is not necessary to name the said Charles W. McLaughlin in the assignment of error. Having reached the conclusion that the appellants are aggrieved persons within the meaning of the sections of the statute under which this appeal is taken, and having determined that the said Charles W. McLaughlin is not a necessary party to be named by them in the assignment of error, the motion to dismiss this appeal is now overruled. See *Moulding* v. *Wilhartz* (1897), 169 Ill. 422, 48 N. E. 189; *Farrar* v. *Parker* (1862), 85 Mass. (3 Allen) 556; *Weer* v. *Gand* (1878), 88 Ill. 490; *McFarland* v. *Pierce* (1898), 151 Ind. 546, 47 N. E. 1; *Walker* v. *Sanders* (1908), 103 Minn. 124, 114 N. W. 649, 123 Am. St. Rep. 276, and note thereto.

This brings us to a consideration of the case upon the merits.

The appellants earnestly urge that there was error in the assessment of the amount of recovery, and that the same is too large, and they base their main contentions upon five items: First, the charge of $5,092.19 made against the administrator in his second report as money received from M. V. Skinner, commissioner, in a partition proceeding; second, the charge for amount received for hay in excess of inventory in the first current report

in the amount of $241.88; third, the refusal to allow the administrator credit for the uncollected Skinner mortgage in the sum of $890.00; fourth, six and one-half years interest charge against the administrator on the Skinner mortgage in the sum of $347.10; fifth, the additional balance charged against the administrator in his first current report, he having charged himself with a balance of $788.95, while the trial court charged him with $1,896.89, making, as the appellants contend, a net overcharge in the sum of $1,107.94.

In connection with the first item above mentioned the appellee calls attention to the fact that no exception or objection was filed to this item. The trial in the lower court was had upon the two current reports of the administrator and the exceptions and objections filed thereto. It is difficult to see how any question can be presented by the appellants as to this item when there was no objection or exception to the item, and no issue made thereon or tried by the lower court. The appellants call attention to the fact that the primary fund with which an administrator and his bondsmen are chargeable is the personal estate which is being administered, and that the real estate of a deceased person is considered the secondary fund and that when the primary fund is insufficient to pay the debts then the administrator may file a petition in court asking authority to sell real estate for the purpose of paying debts. When such petition is filed, the statute requires that the administrator give a new bond. The sureties on the first bond are sureties only for the proper administration by the administrator of said primary fund, and the sureties on the bond required when an administrator sells real estate would be liable for the proper administration of the funds derived from such a sale. There can be no doubt whatever but what the appellants are correct in the above contentions, but it is to be noted in the

instant case that the said sum of $5,092.19 came into the hands of the administrator from Skinner, who was a commissioner, for the sale of real estate, some of which belonged to the decedent. If, as contended for by the appellee, this fund came into the administrator's hands for the specific purpose of paying debts, and was in the nature of a trust fund for that purpose, and if it was used for the payment of debts, then the sureties certainly would not be "aggrieved" thereby. The appellee has presented some evidence to the effect that within a few days after the administrator received the said sum of money he paid it out in the settlement of debts in almost the total sum. We mention these matters in reference to this item on account of the conclusions we have reached to the effect that a new trial should be had.

With reference to the second item we think the evidence is insufficient to sustain the finding of the court as to said item.

In the third item above mentioned, the court charged the administrator with the face of a second mortgage which he had not collected, and in the next item charged him with interest on said mortgage. We believe the evidence in the record is not sufficient to sustain the court in these findings.

With reference to item number 5, it may be said that this item will no doubt be taken care of in a new trial.

It is our opinion that the ends of justice will best be met in the instant case by reversing the judgment and ordering a new trial with permission to the parties to reform the issues and to hear evidence in a complete and final accounting of the said administrator and to make a finding and enter judgment in accordance with the evidence, and that the appellants be permitted to intervene in said proceedings and to make such defense therein as justice may require.

The motion for a new trial should have been sustained.

For the error in this ruling of the court the judgment is reversed without prejudice, and with instructions to grant a new trial and for further proceedings in accordance with this opinion.