## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2020, 10:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kina King
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

David C. Van Gilder
Fletcher Van Gilder, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kina King,

*Appellant-Plaintiff,*

v.

The Estate of Glen Christian, Jr.,

*Appellee-Defendant*

December 21, 2020

Court of Appeals Case No.
20A-ES-1326

Appeal from the Allen Superior Court

The Honorable Phillip E. Houk, Magistrate

Trial Court Cause No.
02D02-1705-ES-27

**Weissmann, Judge.**

For two years, Kina King failed to perform her duties as personal representative of her brother's estate. After the successor personal representative cleaned up her mess, she cried foul at his fees and demanded thousands of dollars for herself. Because King's arguments lack merit, we affirm the trial court's denial of her motion to correct errors and her objection to attorney fees.

## Facts

Glen Christian, Jr. died intestate on April 30, 2017, leaving a daughter as his sole heir. His sister, appellant Kina King, was appointed Personal Representative of his estate. Almost two years later, King was removed as personal representative for failing to perform her fiduciary duties. The trial court replaced King with David Van Gilder, an attorney. In January 2020, Van Gilder filed the final accounting, valuing the estate at $48,950.55. He ultimately requested $5,600 in attorney fees.

King, representing herself, objected. She argued that Van Gilder's fees "are unreasonable due to the scope of his administration and unnecessary delays [he] caused to accomplish . . . closing of this estate." Appellant's App. Vol. II p. 43. Shortly after, King also filed a claim for reimbursement of $15,797 in expenses she incurred as personal representative.

The trial court summarily denied King's objections and requests, approved Van Gilder's final accounting without a hearing, and authorized him to make final distributions. With the help of an attorney, King filed a motion to correct

errors, which the court also summarily denied. King now represents herself on appeal.

# Discussion and Decision

[5] Because King's claims for reimbursement were either improper, supported by insufficient evidence, or both, we affirm the trial court's denial of King's motion to correct errors. We find that the trial court properly denied King's challenge to the grant of Van Gilder's attorney fees because King lacked standing to challenge that award.

# I.    Claims for Reimbursement

[6] King argues the trial court erred in denying her motion to correct errors because she deserves reimbursement. A trial court's denial of a motion to correct errors is reviewed for abuse of discretion. *Wurster Const. Co., Inc. v. Essex Ins. Co.*, 918 N.E.2d 666, 671 (Ind. Ct. App. 2009). An abuse of discretion occurs when a court's ruling is against the logic and effect of the facts. *Id.* Where, as here, the trial court made no findings, we presume the trial court correctly followed the law and affirm on any legal theory consistent with the evidence. *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind. 1997).

[7] King argues the trial court erred in denying her reimbursement for claims totaling $15,797.37. Before evaluating this claim, it is important to note that her term as personal representative was marked with major missteps. In an order entered shortly before the trial court removed King as personal representative, the court observed that she had violated the probate code by entering into a

contract to sell real estate without the court's permission and by failing to properly list all interested parties when the estate was opened.[1] King did not resolve these issues. Instead, she submitted a filing the court deemed inconsistent with proper estate administration, resulting in her removal as personal representative. Notably, King never provided a verified account of her time as personal representative as required after her removal. Ind. Code § 29-1-16-3. These failings cast a shadow over King's time administering the estate, which darkened her request for reimbursement.

[8] Among King's claims were:

- $1,620 in funeral costs

- $176 in court fees

- $1,539.13 in mortgage payments

- $1,003 in repairs to real property

- $36.31 in miscellaneous fees like parking, postage, and a for-sale sign

- $1,757.56 in utility, insurance, and tax payments

- $8,877.98 in allowable claims paid to estate claimant 3Rivers FCU

- $787.39 in allowable claims paid to Navy FCU

Appellant's App. Vol. I p. 46-47.

---

[1] Though many court orders in this case were not included in appellant's appendices, they remain part of the record pursuant to Indiana Appellate Rule 27.

[9] Many of King's requests showcase her shortcomings as personal representative. King made the mortgage payments without court approval, in violation of our probate code. Ind. Code § 29-1-14-20. She also paid allowable claims when she did not have to, as the court never ordered payment. Ind. Code § 29-1-14-19(a). Even if it had ordered payment, allowable claims should be made out of the estate account, not out of the personal representative's personal funds. Ind. Code § 29-1-16-1(a). If estate funds were insufficient, as King claims, she should have notified the court. I.C. § 29-1-14-19(b). King's payment of the Navy Federal Credit Union claim is particularly confounding because that claim was untimely.[2] This means King not only paid claims for which she was not liable, she paid claims for which the estate was not liable.

[10] King's claims for concededly normal "expenses of administration"—funeral costs, miscellaneous fees, and expenses incident to holding property—also fail. Ind. Code § 29-1-1-3(a)(11). Claims for expenses "may be allowed" at any point during probate proceedings, but reimbursement is not required. *Trinkle v. Leeney*, 650 N.E.2d 749, 752 (Ind. Ct. App.); Ind. Code § 29-1-14-10(f). Many of the exhibits King provided to prove her claims are unreadable or do not clearly identify who paid what debts to whom. Appellant's App. Vol. II, pp. 56-113.

---

[2] Navy FCU filed its claim on February 14, 2018. Glen Christian passed away on April 30, 2017. Generally, creditors must submit claims within three months of receiving notice of administration. Ind. Code § 29-1-14-10(a). King cites her own improper administration of the estate—failing to provide proper notice to creditors—to show that the Navy FCU claim was timely. Creditors that do not receive proper notice have nine months after the decedent's death to file their claims. *Id.* But Navy FCU appears to have missed both the three-month and nine-month deadlines, the latter of which would have expired on January 31, 2018.

Given the extensive problems with both King's tenure as personal representative and the request for reimbursement itself, the trial court was well within its discretion to deny her claim.

## II.    Challenge to Appellee's Attorney Fees

King also argues the trial court abused its discretion by granting Van Gilder $5,600 in attorney fees. Because King lacks standing to challenge Van Gilder's attorney fees, the trial court did not err in refusing to consider her claim.

A party has standing when they have a "sufficient stake in an otherwise justiciable controversy." *Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011) (citing *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 945 (Ind. 1999)). The standing requirement ensures that courts act only in real cases and do not speculate on abstract questions. *Id.* "We cannot proceed where there is no demonstrable injury to the complainant before us." *Id.* (quoting *Pence v. State*, 652 N.E.2d 486, 487 (Ind. 1995)). In probate matters, Indiana Code § 29-1-1-22 states that anyone "aggrieved by any decision of a court" may appeal it.[3] "For a person 'aggrieved' under the statute, the probate court's judgment must be adverse to the person's legal interests." *In re Estate of*

---

[3] Van Gilder argues that because King is not an "interested person," as defined by Indiana Code § 29-1-1-3(a)(15), she has no standing. Any interested person may contest the validity of a will pursuant to Indiana Code § 29-1-7-17. Because this case does not involve a will, we do not apply this statute.

*Eguia*, 917 N.E.2d 166 (Ind. Ct. App. 2009) (citing *Jaqua v. Reinhard*, 99 Ind. App. 261, 264-64, 190 N.E. 887, 889 (Ind. Ct. App. 1934)).

[13] Any legal interest King has in the estate is not harmed by the court's grant of attorney fees to Van Gilder. Because King was removed as personal representative for failing to perform her fiduciary duty, she cannot now challenge attorney fees in her capacity as former personal representative. *See Estate of Eguia*, 917 N.E.2d at 170 ("We think it unjust to allow [appellant] to pursue an appeal based on her asserted interest as a former personal representative when her unnecessary delays in administering the estate led to her removal."); *Simon*, 957 N.E.2d at 989-90 ("[Appellant] lacks standing to pursue this appeal. She is no longer the Personal Representative or Trustee and, therefore, she cannot litigate on behalf of the Estate . . . in a capacity she no longer occupies."). Because the decedent's daughter was his lawful heir, King has no financial stake in disbursement of the estate. Ind. Code § 29-1-2-1(d) ("[T]he entire net estate if there is no surviving spouse, shall descend and be distributed . . . to the issue of the intestate. . ."). And because $28,331.55 was disbursed after Van Gilder's receipt of attorney fees, payment of his fees does not affect whether King's $15,797.37 claim for reimbursement was payable. King has not shown that she is harmed by the grant of attorney fees. Therefore, she has no standing to challenge it.

King's claim for expenses of administration lacks merit, and she lacks standing to object to the grant of attorney fees. Accordingly, we affirm the denial of King's motion to correct errors and her objection to attorney fees.

Crone, J., and Altice, J., concur.