*Ex Parte* Sullivan.

---

### EX PARTE SULLIVAN.

[No. 19,040. Filed April 5, 1900.]

APPEAL AND ERROR.—*Parties.*—*Drains.*—Where in an appeal from a judgment establishing a drain the parties to the judgment, adverse to appellants, are not made parties to the appeal the appeal will be dismissed.

From the Madison Superior Court. *Appeal dismissed.*

*C. K. Bagot, A. Ellison* and *T. Bagot,* for appellants.

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellees.

*Ex Parte* Sullivan.

PER CURIAM.—Martha J. Sullivan and others filed a petition for drainage in the Madison Circuit Court, and, after notice, the same was referred to the drainage commissioners. The drainage commissioners filed their report, and notice thereof was given to the new parties named in said report, who were not named in the petition. A number of remonstrances were then filed. Afterwards an agreement was made between all the parties, which was approved and ratified by the court, and adopted as its findings; and the report of the drainage commissioners was set aside and the matter referred to new commissioners for report. Afterwards a report was filed by said commissioners, and notice to the new parties made by said report was ordered.

Levi P. Brown and others, appellants, being new parties brought in by said last report, filed remonstrances. The venue of said cause was changed to the court below on the affidavit and motion of one of the remonstrants. The cause was tried by the court, and judgment rendered establishing said proposed work, and approving the assessments, damages, and benefits as set out in the report of the drainage commissioners and as modified by the court. From this judgment Levi P. Brown and a number of other remonstrants appeal. The transcript was filed in this court June 30, 1899.

The petitioners for said drainage in the court below enter a special appearance by their attorneys, and move to dismiss the appeal for the reason that no persons are named as appellees in the assignment of errors. The assignment of errors is entitled: "*Ex parte* Martha J. Sullivan. Petition for Drainage." In the body of the assignment of errors the names of the remonstrants who assign errors are set out, but no appellees are named. Appellants claim, however, that there were no persons to make appellees in this court. The entry of the final judgment in the court below recites that the "petitioners being present by Kittinger, Reardon, and Diven, and Crouse and Jones, their attorneys, and the remonstrants [naming them] being present by their attorneys,

Bagot, Ellison and Bagot"; and then follows the finding and judgment of the court from which the appeal was taken.

It is shown by the record that the petitioners for said drainage were parties to the judgment from which this appeal was taken, and that they were parties adverse to appellants. The assignment of errors is the complaint in this court; and the only persons over whom it acquires jurisdiction are those named therein. *Big Four, etc., Assn.* v. *Olcott,* 146 Ind. 176; *Bozeman* v. *Cale,* 139 Ind. 187, 190; *National, etc., Assn.* v. *Huntsinger,* 150 Ind. 702; *Abshire* v. *Williamson,* 149 Ind. 248, 252, 256; *Michigan, etc., Ins. Co.* v. *Frankel,* 151 Ind. 534, 538, 539.

The cause is not, therefore, in a condition to be determined upon its merits, for the reason that the court does not have jurisdiction over all the parties to the judgment below who were adverse to appellants. Such persons should have been made appellees in this court. *National, etc., Assn.* v. *Huntsinger,* and cases cited, *supra; Capital Nat. Bank* v. *Reid, ante,* 54; *McClure* v. *Shelburn Coal Co.,* 147 Ind. 119; *Garside* v. *Wolf,* 135 Ind. 42.

It follows that the motion to dismiss the appeal must be sustained. The appeal is therefore dismissed.