## HAYS v. PUGH, TRUSTEE, ET AL.

[No. 19,526. Filed May 20, 1902.]

APPEALS.—*Vacation Appeal.*—*Death of Appellee Before Service of Process.*—*Dismissal.*—A vacation appeal will be dismissed, where one of the appellees, who had appeared in the court below in the capacity of trustee for creditors, had died after transcript had been filed, and before he was served with notice of appeal and his successor had not been made an appellee.

From Hancock Circuit Court; *C. G. Offutt*, Judge.

Action to quiet title by Emma Hays against Joseph W. Pugh, trustee for the benefit of the creditors of Samuel Cassell, and others. From a judgment for defendant, plaintiff appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Appeal dismissed.*

*A. C. Carver, M. E. Forkner* and *G. D. Forkner*, for appellant.

*W. A. Kittinger* and *W. S. Diven*, for appellees.

MONKS, J.—This action was brought by appellant against appellees to quiet title to real estate described in the complaint. A trial of the cause resulted in a judgment in favor

of appellees for costs, and that appellant take nothing by her said action.

The Alexandria National Bank, one of the appellees, insists that as this is a vacation appeal, it must be dismissed because Joseph W. Pugh, trustee, one of the appellees, died after the transcript was filed and before he was served with notice of the appeal, and his successor, Jacob L. Crouse, has not been made an appellee, and served with notice of the appeal.

The transcript was filed December 3, 1900, the day before the expiration of the year allowed for appeal. Process was issued by the clerk December 3, 1900, and returned January 8, 1901, showing service on all the resident appellees except Joseph W. Pugh, trustee for the benefit of the creditors of Samuel Cassell, who died December 28, 1900, without any notice being served upon him. The other appellees being non-residents, notice was given them by publication.

Jacob L. Crouse was appointed trustee for the creditors of Samuel Cassell, to succeed Pugh, deceased, on January 4, 1901. No steps were taken to make said Crouse, trustee, an appellee, or to give him notice of the appeal until July 1, 1901, when appellant filed an application suggesting the death of said Pugh, trustee, and asking that Crouse, his successor as trustee, be substituted, and that notice be issued and served upon him. On October 9, 1901, said application was denied by the Appellate Court where the appeal was then pending. Said Crouse, trustee, has never been made an appellee or brought into court.

It has been uniformly held by this court that the parties to a judgment appealed from, adverse to appellant, must be made appellees; that in vacation appeals this court only acquires jurisdiction over the parties to a judgment adverse to appellant who are named as appellees in the assignment of errors and who appear, or are properly served with notice. *Capital Nat. Bank* v. *Reid*, 154 Ind. 54, 56; *Ex*

*parte Sullivan,* 154 Ind. 440; *McClure* v. *Shelburne, etc., Co.,* 147 Ind. 119, 121, 122; *Garside* v. *Wolf,* 135 Ind. 42, 43, 44, and cases cited; *Loucheim* v. *Seeley,* 151 Ind. 665, 666, 667; *Abshire* v. *Williamson,* 149 Ind. 248, 251, 252, and cases cited; *National, etc., Assn.* v. *Huntsinger,* 150 Ind. 702; *State, ex rel.,* v. *East,* 88 Ind. 602; *Hunderlock* v. *Dundee, etc., Co.,* 88 Ind. 139; Ewbank's Manual, §149.

It is also settled by the above authorities that, if parties to the judgment adverse to appellant are not made appellees, or in a vacation appeal if made appellees, do not appear, and are not notified as required by law, this court has no jurisdiction to determine the appeal upon its merits.

Rule thirty-six of the Supreme and Appellate Courts, in force since November 26, 1900, provides that "where a case appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

It was held by this court in *O'Mara* v. *Wabash R. Co.,* 150 Ind. 648, 650, 651, under said rule that, if an ineffectual notice for any cause requires additional steps to be taken by an appellant, he is not entitled to an indefinite time to take such steps. See, also, *Cole* v. *Franks,* 147 Ind. 281, 283, 284; *Farwell Co.* v. *Newman,* 17 Ind. App. 649.

In this case the process issued was ineffectual because not served on Pugh, trustee, who died December 28, 1900. His successor was appointed January 4, 1901, and no steps were taken to make him an appellee until July 1, 1901. The Appellate Court, by overruling the application then made, held that appellant was not entitled to make said Crouse, trustee, an appellee on July 1, 1901, more than six months after the year allowed for appeal had expired.

It follows, from what we have said, and the authorities cited, that Pugh, trustee, not having appeared nor having been served with notice of the appeal as required by law, and his successor not having been made an appellee, we have no jurisdiction to determine this appeal upon its merits, and the same must be dismissed.

Appeal dismissed.