## Trippeer et al. *v.* Clifton et al.

[No. 22,119. Filed March 5, 1912. Rehearing denied June 26, 1912.]

1. APPEAL.—*Appeal Not Completed as Term Appeal.*—*Vacation Appeal.*—Where, on the rendition of a judgment on June 15, 1909, 120 days were allowed for filing a bill of exceptions, and an appeal was prayed and granted and thirty days allowed for filing the appeal bond, and the bond was approved at the same term and thereafter filed, but the transcript was not filed until October 14, 1909, the appeal was not a term, but a vacation appeal. p. 199.

2. APPEAL.—*Parties.*—*Parties to Judgment.*—*Notice.*—Ordinarily only parties to a judgment must be made parties to an appeal, but where those who are merely parties to the record necessarily will be affected in their interests by the action or judgment appealed from, they must be joined as parties to the appeal and served with notice as provided by §674 Burns 1908, Acts 1899 p. 5. p. 200.

3. APPEAL.—*Necessary Parties.*—*Mortgagee of Premises Involved in Action to Foreclose Sidewalk Assessment Lien.*—Where, in an action to foreclose an assessment lien for sidewalk improvements brought against the owner of the property affected and the mortgagee of the premises, the mortgagee was defaulted and a judgment was rendered against plaintiffs, the mortgagee was interested in maintaining such judgment since it swept away the basis for the lien against the property covered by his mortgage, so that he was a necessary party to an appeal. p. 200.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Benjamin Trippeer and others against John Clifton and others. From an adverse judgment, the plaintiffs appeal. (Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Appeal dismissed.*

*Cox & Andrews* and *W. E. Mowbray,* for appellants.
*Ethan T. Reasoner* and *Albert Ward,* for appellees.

MYERS, J.—This was an action by appellants against John Clifton and his wife, owners of the property, and the First National Bank of Peru, Indiana, to foreclose an alleged sidewalk improvement lien on real estate in South Peru, Miami county, Indiana. The allegation in the complaint as to the bank is, that on May 9, 1903, the owners of the property executed a mortgage on it to secure the payment of $2,000, which on February 27, 1905, was assigned to the bank, was duly recorded, and is unsatisfied of record, "and said First National Bank of Peru, Indiana, is therefore made a party defendant hereto to limit its time for redemption, and to answer as to its interest thereunder."

We are confronted at the threshold of the cause by the proposition that this court has no jurisdiction to determine the appeal. Immediately preceding the submission of the cause for trial, the bank was defaulted, and nowhere again appears, nor is referred to in the proceeding. Judgment was rendered June 15, 1909, against plaintiffs, that they take nothing, and that defendants recover their costs. One hundred and twenty days were al-

lowed for filing a bill of exceptions, an appeal was prayed and granted, and bond fixed at $200, to be filed within thirty days, to the approval of the court, and on June 19, 1909, at the same term, the court approved the bond and surety, and on June 23, 1909, the bond was filed, and the transcript was filed October 14, 1909. This was therefore not a term, but a vacation appeal. *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304. The bank was not made either appellant or appellee, was not given any notice of the appeal, nor was notice given the clerk or attorneys, nor has it joined in error or assigned error.

The rule is that it is only parties to judgments, and not merely parties to the record who must be made parties to an appeal. *Lowe* v. *Turpie* (1897), 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *Hogan* v. *Robinson* (1884), 94 Ind. 138. But when parties to the record will necessarily be affected in their interests by the action or judgment by the appeal, they must be joined as parties, and notice given them as provided by the statute. §674 Burns 1908, Acts 1899 p. 5. This is for the obvious reason that the judgment cannot be appealed from piecemeal, and the parties whose interests may be affected by affirmance or reversal of the judgment must be before the court to enable it to dispose of the case as an entirety.

In this case, no formal judgment was entered against the bank, and as the judgment in favor of appellees swept away the basis for the lien, and necessarily the lien itself, there was nothing to base a separate judgment on, as against the bank, and the judgment in favor of appellees necessarily resulted to its benefit.

If the judgment were reversed, the case would stand precisely as it stood before submission for trial, so far as the bank is concerned, for a judgment in foreclosure, against it alone, would be of no force or value. Or, putting it in another form, suppose a judgment had been entered against

the bank, foreclosing the alleged lien? What virtue could it have had over against a judgment for the property owner, sweeping away the alleged lien? The rights of both appellants and the bank, as against the property, must be derived and devolved through the property.

The defense interposed by the property owners necessarily inured to the benefit of the bank, for that judgment necessarily precluded the foreclosure of the alleged lien, or the fixing of any amount, and nothing was left on which to predicate a lien. The property could not be sold as against the owner, and hence could be of no force as against the bank. So that the bank is as necessarily and certainly affected by the judgment as if there were a formal judgment in its favor, for it sweeps away an alleged claim and lien against the property, on which it is a prior lien, by statute (§8714 Burns 1908, Acts 1905 p. 219), to the lien of the bank.

It might be different if it were alleged that the mortgage debt of the bank had been in fact paid, but that is not the allegation; but it is, that it has a mortgage of record, and is made party to limit the time for redemption by it, and most certainly the bank is directly, beneficially and substantially affected by the judgment which is sought to be overthrown by the appeal.

As was said in *Michigan Mut. Life Ins. Co.* v. *Frankel, supra:* "The fact that he was defaulted in the lower court does not affect the question, for he was still entitled to his right of appeal, regardless of his default, and on such appeal he could at least challenge the sufficiency of the complaint and the jurisdiction of the court. *Lee* v. *Mozingo* [1896], 143 Ind. 667 [41 N. E. 454], and cases there cited. In order, therefore, to give this tribunal complete jurisdiction over the cause, it is clear that appellant ought to have made him a co-appellant herein, and notified him as provided by §647, *supra* [§674 Burns 1908, Acts 1899 p. 5]." This case is not

directly in point, for the reason that Frankel, in that case, was a defendant, and his codefendant appealed without joining him, but the principle is the same.

If it be said in this case that the bank may have been entirely satisfied not to resist the assessment, and its default admitted the allegation against it, the same thing may be said to be true as to Frankel in the prior case, and the fact that he did not defend is indicative of such condition, but he would have been affected by a reversal of the judgment, just as the bank would be here. It was a party in interest, and appellants were seeking the same character of judgment against it as against appellee—a foreclosure—which was the only judgment which could be rendered. §8714 Burns 1908, Acts 1905 p. 219, §109.

The bank was adverse in interest to appellants below, and it is necessarily adverse here, for it is directly and necessarily interested in maintaining the judgment rendered. Ewbank's Manual §149; *Polk* v. *Johnson* (1906), 167 Ind. 548, 78 N. E. 652, 79 N. E. 491; *Moore* v. *Ferguson* (1904), 163 Ind. 395, 72 N. E. 126; *Whisler* v. *Whisler* (1904), 162 Ind. 136, 144, 67 N. E. 984, 70 N. E. 152; *Haymaker* v. *Schneck* (1903), 160 Ind. 443, 67·N. E. 181; *Mellott* v. *Messmore* (1902), 158 Ind. 297, 63 N. E. 451; *Abshire* v. *Williamson* (1898), 149 Ind. 248, 48 N. E. 1027; *Hays* v. *Pugh* (1902), 158 Ind. 500, 64 N. E. 13; *Ex parte Sullivan* (1900), 154 Ind. 440, 56 N. E. 911; *Crist* v. *Wayne, etc., Assn.* (1898), 151 Ind. 245, 51 N. E. 368; Elliott, App. Proc. 160.

The appeal must be dismissed, and it is so ordered.

Cox, J., did not participate in this decision.

NOTE.—Reported in 97 N. E. 791, also reported and annotated in 39 L. R. A. (N. S.) 522. See, also, under (2) 2 Cyc. 764. As to who is entitled to appeal as a party interested or injured, see 119 Am. St. 740.