CITY OF CROWN POINT ET AL. v. CHIPMAN ET AL.

[No. 24,064. Filed May 16, 1923. Opinion modified and rehearing denied November 21, 1923.]

1. MUNICIPAL CORPORATIONS. — Townships. — Appearance in Court.—Only by Attorney.—Statute.—A municipal corporation, such as a township, can only appear in a court proceeding by some one authorized to represent it as attorney (§996 Burns 1914). p. 643.

2. MUNICIPAL CORPORATIONS.—Townships.—Dismissal of Court Proceedings.—An entry of voluntary dismissal by a township not made by the trustee nor by the attorneys who were and for years had been representing the township in the case must be disregarded. p. 643.

3. DISMISSAL OF ACTION.—By Attorney for Defendant.—Not Permitted.—The attorney for the defendant cannot be permitted to enter a dismissal of an action by or for a plaintiff, when neither such plaintiff nor the attorney by whom he is being represented in the action is in court, whatever authority such plaintiff may have given or attempted to give him. p. 644.

4. DRAINS.—Dismissal of Petition.—By Attorney for Defendants. .—Not Permitted.—An attorney for the remonstrators and persons opposing the construction of a drain cannot enter a dismissal for one of the petitioners when neither such petitioner nor the attorney by whom he is being represented in the drainage proceeding is in court, no matter what authority such petitioner may have given or attempted to give him. p. 644.

5. APPEAL.—Parties Appellee.—Dismissal of Appeal.—Parties appealing must join all adverse parties as appellees, or their appeal cannot be maintained, and where an adverse party is not joined as appellee, the appeal will be dismissed. p. 645.

From Lake Circuit Court; Harry B. Tuthill, Special Judge.

Drainage proceeding by A. Byron Chipman and others, opposed by the city of Crown Point and others. From a judgment for the petitioners, the remonstrators appeal. Appeal dismissed.

Frank B. Pattee, Herbert T. Johnson, G. E. Ross and Ora L. Wildermuth, for appellants.

Foster Bruce, Otto J. Bruce and George E. Hershman, for appellees.

City of Crown Point *v.* Chipman—193 Ind. 642.

PER CURIAM.—The petition for the construction of a drain was signed by twenty-eight petitioners, one of whom was "Joseph F. Gerlach, Trustee St. John Twp." The report of the drainage commissioners stated that "St. John Township, Joseph F. Gerlach, Trustee" would be benefited, and an assessment against it by that description was confirmed. Joseph F. Gerlach was not shown to be the owner of any lands affected, and was not assessed nor otherwise a party as an individual. The assignment of errors names as an appellee "Joseph F. Gerlach", without mentioning his representative capacity, or the township. Appellant relies on an entry in the order-book more than a year after the report of the drainage commissioners was made, being two and a half years after the drainage petition was filed, at a term of court at which nothing else was done in the case and when nobody but those entering the dismissal are shown to have been present, which recites that certain of the petitioners "come and dismiss as to themselves", among whom, "St. John Township" is named, without mentioning the trustee. But it does not appear that the trustee of St. John Township nor any attorney appeared or assumed to appear for the township at that time, nor by whom or by what authority the oral dismissal was made. A municipal corporation, such as a township, can only appear and take action in a court proceeding by some one authorized to represent it as attorney. §996 Burns 1914, §961 R. S. 1881.

2. An entry of voluntary dismissal by a township not made by the trustee nor by the attorneys who were and for years had been representing the township in the case must be disregarded. However, objections to the dismissal of the appeal have been filed in this court by an attorney who, with others signed the assignment of errors and brief on behalf

of appellants, and who makes oath that he has had sole charge of drafting the papers, including the assignment of errors, on appeal, in which he states, under oath, that he "appeared personally in open court on behalf of said township" and procured the dismissal to be entered, and that he did so by authority of trustee Gerlach, but in his absence from court. This attorney was not one of the attorneys who represented the petitioners in the trial court nor who represent them in this court.

The record shows that more than a year before such dismissal, he had appeared as attorney for persons filing more than twenty remonstrances, half of which he verified by his own oath, one of which was on behalf of himself and his wife, and another on behalf of himself and 254 others; that he acted as attorney for the remonstrators (including himself) throughout, and, as such attorney for them, signed and presented a motion for a new trial, a request for a special bill of exceptions, a motion for a *venire de novo*, and a motion in arrest of judgment; that he joined in the prayer for an appeal, and is one of the sureties on the appeal bond, and signed the assignment of errors as an attorney, although he is not made an appellant. Without stopping to consider whether or not the record of dismissal could be aided by affidavits, it is obvious that the facts stated by this attorney do not show a dismissal by the township to have been duly entered, even if the party dismissing were sufficiently named in the entry of dismissal. The attorney for the defendants cannot be permitted to enter a dismissal of an action in the name of a plaintiff, when neither such plaintiff nor the attorney by whom he is being represented is in court, whatever authority such plaintiff may have given or attempted to give him in that behalf. *Wilson* v. *State* (1861), 16 Ind. 392, 395, 396; *McCon-*

*nell* v. *Brown* (1872), 40 Ind. 384; *Bowman* v. *Bowman* (1899), 153 Ind. 498, 507, 55 N. E. 422; *Miedreich* v. *Bank* (1907), 40 Ind. App. 393, 397, 82 N. E. 117; Weeks, Attorneys (2d ed.) §120; 4 Cyc 920.

Parties appealing must join all adverse parties as appellees, or their appeal cannot be maintained. *Prough* v. *Prough* (1910), 174 Ind. 57, 91 N. E. 337.

5. For failure to make said township an appellee, the appeal is dismissed. And it is ordered that the opinion heretofore filed herein be and is withdrawn, and this opinion is substituted.

The petition for a rehearing is overruled.