## HUGHES v. YATES ET AL.

[No. 24,721.    Filed October 8, 1924.]

1. APPEAL.—*Necessary Parties.*—*Commissioner in Partition Suit.*—When a judgment in partition suit recites that the commissioner appointed to sell real estate, shall pay certain sums of money to various persons, and approves his report that he has done so and thereupon discharges him from further liability as commissioner, he is a necessary party to an appeal from such judgment. p. 183.

2. APPEAL.—*Parties.*—*Necessary Parties.*—Any party to the judgment appealed from who has an interest that it be maintained is a necessary party. p. 183.

3. APPEAL. — *Necessary Parties.* — *Non-Joinder.* — *Dismissal.* — When a party to a judgment who has an interest that it be maintained is not made a party on appeal, dismissal of the appeal is necessitated. p. 183.

From the Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Owen Yates and others against James Hughes. From judgment for plaintiffs, the defendant appeals. *Appeal dismissed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons*, for appellant.

*A. W. Hamilton, F. A. Wiecking* and *George Mock,* for appellees.

EWBANK, J.—The first entry in the transcript recites that George Mock, commissioner to sell real estate in an action brought by appellees against appellant, filed a certain report which is set out. Subsequent entries show that appellant filed exceptions to the report, that Mock, as such commissioner, filed a reply to those exceptions, that by request of appellant the court made a special finding of facts and stated conclusions of law thereon to the effect that Mock, as commissioner, should pay certain sums of money to each of the appellees, and a designated sum to the appellant, and that appellant should recover from appellees certain costs, to each of which conclusions of law the appellant excepted. Another entry recites a judgment "that George Mock, as commissioner, shall pay" certain sums of money to each of the appellees and to the appellant, respectively, and shall amend his report accordingly. The next shows that an amended report by Mock, as commissioner, was filed, which recited that he had paid the money as so directed, except the sums awarded to appellant and appellees, respectively, which he had paid to the clerk of the court for their use, and that the court approved said report and discharged the commissioner, to which appellant excepted.

But George Mock is not made a party to the appeal, either as commissioner or individually or otherwise. The special finding recites that the money in the 1-3. hands of the commissioner was the proceeds of lands sold under a decree of partition, but that fact is not otherwise shown by the record. It is not necessary for us to decide whether or not an appeal could be maintained from this judgment upon a tran-

script that does not contain the pleadings in the partition suit. For obviously, where the judgment appealed from was rendered after a hearing upon pleadings filed by George Mock on one side and by an adversary party on the other, and required Mock to pay certain sums of money to each of several designated parties, and approved the report that he had done so, and thereupon discharged him from further liability as commissioner, Mock was a necessary party to an appeal from such judgment.

The rule is that any party to the judgment appealed from who has an interest that it be maintained (among others) is a necessary party. And the judgment having commanded Mock to pay out sums of money to each of several persons, and having approved his report that this had been done, and adjudged that he be discharged from further liability on account of the money so paid, he was clearly a party to the issue joined, and had an interest in maintaining the judgment. The assignment of errors names as parties only the appellant and two other persons, being three of those to whom Mock, as commissioner, was commanded by the judgment to pay sums of money, and notice was served only on those other two and on the clerk. Mock was not served with notice, either as a commissioner or otherwise.

Since the judgment was in his favor so far as it fixed the terms on which he might be discharged from further liability and approved his report that he had paid out the money in his hands as directed, and thereupon ordered that he be discharged, the failure to make him a party necessitates the dismissal of the appeal. *Cline* v. *Beaver* (1915), 183 Ind. 296, 108 N. E. 231; *Abshire* v. *Williamson* (1898), 149 Ind. 248, 252, 48 N. E. 1027.

The appeal is dismissed.