BRIER v. CHILDERS, ADMINISTRATOR, ET AL.

[No. 24,470. Filed June 30, 1925. Rehearing denied October 8, 1925.]

1. APPEAL.—*Supreme Court has jurisdiction of appeal from interlocutory order for sale of real estate by administrator to pay debts.*—Under the express provision of the act of 1925 (Acts 1925 p. 487, §1356 Burns 1926) prescribing the jurisdiction of the Supreme and Appellate Courts, the Supreme Court has jurisdiction of an appeal from an interlocutory order for the sale of real estate by an administrator to pay debts. p. 522.

2. APPEAL.—*Statute regulating appeals from decedents' estates governs appeal from orders for sale of decedent's real estate.*—The statute regulating appeals "in any matter connected with a decedent's estate" (§§3310, 3311 Burns 1926, §§2977, 2978 Burns 1914) governs appeals from orders for the sale of real estate by an administrator or executor to pay debts. p. 523.

3. APPEAL.—*Parties to judgment adverse to appellant who are interested in maintaining the judgment must be named as appellees to confer jurisdiction.*—Although the statute regulating appeals from matters connected with decedents' estates provides that an appeal may be taken by any aggrieved person "without joining any other person," it does not excuse compliance with the established rule that all parties to a judgment adverse to the appellant who have an interest in maintaining it as against the relief he is seeking must be named as appellees in the assignment of errors in order to confer jurisdiction. p. 523.

4. APPEAL.—*In appeal from order for sale of real estate by administrator, one defendant can appeal without joining his codefendants as parties.*—In a proceeding by administrator to sell lands to pay debts, where one of the defendants filed a cross-complaint asking that lands theretofore set off to three others be first sold, which was ordered, such three defendants were potential appellants, so that one of them, under the provision of §3311 Burns 1926, §2978 Burns 1914, could appeal without joining the others as parties to his appeal. p. 524.

5. APPEAL.—*Appeal will be advanced for immediate consideration where settlement of estate depends on decision.*—Under rule 32 of the rules of the Supreme Court, where the settlement of an estate depends on decision of an appeal, it will be ordered advanced for immediate consideration and decision. p. 525.

6. JUDGMENT.—*Motion to modify judgment that conformed to finding which was within the issues, properly overruled.*—A motion to modify a judgment was properly overruled where the judgment exactly conformed to the finding, which was within the issues made by the pleadings. p. 525.

7. JUDGMENT.—*Motion to modify judgment presents no question as to what finding ought to be.*—A motion to modify a judgment does not present any question as to what the finding ought to be, but only whether the judgment conforms to the finding actually made. p. 525.

8. EXECUTORS AND ADMINISTRATORS.—*Entire tract covered by mortgage held properly ordered sold though one heir had tendered his share of mortgage debt.*—In proceeding by administrator to sell land to pay debts, entire tract covered by mortgage *held* properly ordered sold though the land had been partitioned between the heirs, and one of them had tendered to the administrator what he claimed to be his share of the mortgage debt. p. 527.

9. APPEAL.—*Evidence tending to sustain finding accepted as true, and contrary evidence disregarded in determining sufficiency of evidence to sustain finding.*—An appellate tribunal, in reviewing a ruling on a motion for a new trial because of insufficiency of evidence to sustain the finding, accepts as true all evidence and all inferences from the facts proved which tend to sustain the finding and rejects and disregards all evidence to the contrary. p. 527.

10. MORTGAGES.—*Mortgagee's approval of commissioners' report in partition of mortgaged land not effective to release part from lien of mortgage.*—In a partition suit of mortgaged land, where no issue was joined between the plaintiffs and the mortgagee, who merely asked to have his rights protected, and the report of the commissioners did not purport to release any part of the mortgaged tract from the lien of the mortgage, mortgagee's indorsement of report as "O. K." would not have the effect of releasing a part of the tract from the lien of the mortgage. p. 528.

11. APPEAL.—*Admission of evidence that in former action against appellant relative to same land plaintiffs had recovered nothing held not prejudicial.*—In a proceeding by an administrator to sell real estate to pay decedent's debts, admission

of judgment in a former action against one of the defendants and others relating to the same land reciting that plaintiffs therein take nothing was not prejudicial.    p. 528.

12.    APPEAL.—*Admission of immaterial evidence which could not have misled the judge who tried the case not reversible error.* —The introduction of wholly immaterial evidence that had no tendency to mislead the judge who tried the case as to any of the facts on which the rights of the parties depended is not reversible error.   p. 528.

From Marion Probate Court (1,618); *Mahlon E. Bash,* Judge.

Proceeding by Frank R. Childers, as administrator, to sell real estate to pay his decedent's debts, naming Ernest Brier and other heirs as defendants.    Charles E. Brier filed a cross-complaint asking that certain parcels of the land owned by Ernest Brier and other defendants be first sold.   From a judgment for plaintiff and directing the sale of such parcels first, Ernest Brier appealed.    *Affirmed.*

*Florea & Seidensticker,* for appellant.

*Herman W. Kothe* and *Walker & Hollett,* for appellees.

EWBANK, J.—After ch. 201, Acts 1925 p. 487, §1356 Burns 1926, took effect, a general order was made transferring to the Appellate Court many causes

1.    designated by numbers, in an attempt to comply with §1393 Burns 1914, which was §2 of ch. 148, Acts 1907 p. 237, the first section of which (as previously amended) was amended by said act of 1925. Inadvertently cause No. 24,470 was listed among those transferred.    Being an appeal from an order for the sale of real estate by an administrator to pay debts of his decedent, the jurisdiction is in the Supreme Court under the 12th subd. of §1 of said act of 1925, as construed by several recent decisions.    *Nation* v. *Green, Exr.* (1917), 65 Ind. App. 136, 138, 116 N. E. 840; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 152, 95 N. E.

569; *Nation* v. *Green, Exr.* (1919), 188 Ind. 697, 699, 123 N. E. 163; *Patterson* v. *Grant Trust, etc., Co.* (1924), 195 Ind. 313, 144 N. E. 26.

Therefore, the order of March 18, 1925, transferring this cause to the docket of the Appellate Court is vacated and set aside, and it is ordered reinstated as No. 24,470 in this court.

Appellees have filed a motion to dismiss the appeal for the reason that Henry F. Brier and Fred C. Brier, who were parties below and each owned a portion of the land ordered to be sold, have not been made parties to this appeal. The appeal seems to have been taken in compliance with the statute regulating appeals "in any matter connected with a decedent's estate," which has been held to govern appeals from orders for the sale of real estate to pay the debts of a deceased owner. *Rinehart* v. *Vail, Admr.* (1885), 103 Ind. 159, 160, 2 N. E. 330; *Galentine* v. *Wood, Admr.* (1893), 137 Ind. 532, 537, 35 N. E. 901; *Bollenbacher* v. *Whisnand, Admr.* (1897), 148 Ind. 377, 378, 47 N. E. 706; *Vail* v. *Page* (1911), 175 Ind. 126, 130, 93 N. E. 705.

That statute provides that "any person who is aggrieved, desiring such appeal, may take the same in his own name without joining any other person" upon giving an appeal bond within thirty days and filing the transcript within ninety days, both of which were done in this case. §3311 Burns 1926, §2978 Burns 1914, §3, Acts 1913 p. 65. But it does not purport to excuse compliance with the established rule that all parties to the judgment below adverse to appellant, who have an interest in maintaining it as against the relief he is seeking, must be named as parties in the assignment of errors in order that this court may have jurisdiction. *Hughes* v. *Yates* (1924), 195 Ind. 182, 144 N. E. 863; *City of Crown Point* v. *Chipman* (1923), 193 Ind. 642,

141 N. E. 453; Rule 6 Supreme Court; Ewbank's Manual (2d ed.) §§126a, 226 and authorities cited; Acts 1925 p. 41.

In the case at bar, the action was commenced by the administrator filing a complaint against the appellant and Fred C. Brier, Henry F. Brier and his wife, and many other parties, including those who have been joined with the administrator as appellees. The only issue presented by the complaint was whether or not certain city lots and a certain thirty-acre tract of land on which there was a mortgage securing a promissory note given by plaintiff's decedent in her life time should be sold for the payment of her debts, which were alleged to exceed the personal estate by a large amount, besides the costs of administration. Appellee Charles E. Brier filed a cross-complaint, alleging that the real estate had been partitioned among the heirs, that the mortgaged tract had been subdivided into parcels Nos. 4, 5 and 6, which were set off, respectively, to appellant, to Henry F. Brier and to Fred C. Brier, and were each charged with one-third of the mortgage debt by way of making the several parcels of equal value; and that the holder of the mortgage was a party to the partition suit and consented to the decree of partition. And, further alleging that the mortgage debt constituted a large part of the indebtedness of plaintiff's decedent, he asked the court to order the administrator first to sell parcels Nos. 4, 5 and 6 (owned by appellant, Henry F. Brier and Fred C. Brier, respectively, as was stated above) before offering any of decedent's other real estate for sale. The court made a general finding that all the real estate of the decedent was subject to sale for the purpose stated and should be sold, so far as it might be necessary to pay debts and costs, but that tracts Nos. 4, 5 and 6 were primarily liable for payment of the mortgage and ought to be sold first;

and it rendered judgment accordingly, which is the judgment appealed from. The contention of appellees that Henry F. Brier and Fred C. Brier were necessary parties appellees, by reason of their interests being adverse to appellant, is based on certain allegations of an answer filed by him, and evidence which he offered at the trial. But it appeared, without dispute, that the decree in the partition suit had charged each of the three tracts owned by appellant and by Henry F. Brier and Fred C. Brier, respectively, with the payment of one-third of the mortgage debt; and his answer merely asked relief on the basis that appellant should be permitted to pay his proportionate part in cash, and thus save his own parcel from being sold. And since the complaint asked for the sale of land belonging to six owners, which they had inherited from the deceased debtor, and upon a cross-complaint by one of them asking that the lands set off to three others be first sold, the court so ordered, we think the three owners of the lands thus ordered to be first sold must all be deemed potential appellants, so that one of them, in appealing under §3311 Burns 1926, §2978 Burns 1914, *supra*, need not name the other two as parties to his appeal. Appellee's motion to dismiss the appeal is overruled.

Since the settlement of an estate depends upon the decision of this cause it is ordered to be advanced
5. for immediate consideration and decision, under Rule 32.

Overruling appellant's motion for a new trial and overruling his motion to modify the judgment are assigned as errors. The judgment exactly con-
6, 7. formed to the finding, which was within the issues joined on the pleadings. Therefore, the motion to modify the judgment was properly overruled. Such a motion does not present any question as to what, under the evidence, the finding on controverted points

ought to be, but only whether the judgment conforms to the finding as actually made. *Shaw* v. *Newsom* (1881), 78 Ind. 335, 338; *Furry* v. *O'Conner* (1891), 1 Ind. App. 573, 580, 581, 28 N. E. 103; *Kepler* v. *Wright* (1903), 31 Ind. App. 512, 516, 68 N. E. 618; *Heaton* v. *Grand Lodge, etc.* (1913), 55 Ind. App. 100, 103, 103 N. E. 488.

The motion for a new trial alleged that the decision is not sustained by sufficient evidence and is contrary to law. And appellant insists that his tract of land, designated as No. 4, should not have been included in the first offer of lands for sale. The only pleading set out in appellant's brief which tenders any issue as to postponing the sale of his land until after tracts Nos. 5 and 6 shall have been sold is the answer above referred to, which alleges that, on a date long after this suit was commenced, appellant tendered to the holder of the mortgage $1,254.06, which was alleged to be the amount then due from him on the claim filed by said mortgagee against the estate of plaintiff's decedent, and that he paid the same into court for the use of the mortgagee. Appellant had previously appeared and filed an answer at the January term, 1923, and it was not until the May term that he filed his plea of tender, which alleged that payment of one-third of the mortgage debt and interest, with attorney fees, was tendered to the mortgagee and that the money was paid into court in February, which was after the action had been pending more than a full term, (§1759 Burns 1926, §1612 Burns 1914, §7, Acts 1907 p. 242). The verified petition of the administrator showed that the total value of the personal estate of the decedent which had come to his knowledge was $1,113.84; that claims had been allowed against the estate for $4,163; that claims for $423.03 additional had been filed that were still pending, besides the expenses of administra-

tion; that of these claims, the holder of a mortgage on the lands designated as parcels Nos. 4, 5 and 6 had filed his claim on September 27, 1922, for $3,680 as of that date. And there was evidence to the effect that while the administrator had collected $1,400.32 of assets of the estate at the time of the trial, expenses of administration to the amount of $1,200 or $1,500 had been incurred. And it appeared, without dispute, that the three parcels of land had been mortgaged as a single tract by the decedent to secure a debt which had matured and become due and payable before the tract was subdivided into parcels by the decree of partition, being two years before this action to sell real estate for the payment of debts of the decedent was commenced.

Considered alone, this evidence sufficiently showed that the entire tract covered by the mortgage, embracing the three parcels into which it was subdivided by the decree of partition, ought to be sold for the purpose of paying the mortgage and other debts and costs of administration. And while other evidence was introduced tending to prove that the proceeds from a sale of the two parcels set off to others than appellant would be sufficient to pay two-thirds of the mortgage and all debts and expenses not satisfied by the personal estate, that appellant had tendered a sum equal to one-third of the mortgage debt, and that a former holder of the mortgage had approved the report of the commissioners making partition by which one-third of the debt was charged against each of the three tracts, it did not appear that any issue was made in the partition suit as to affecting the mortgage lien by the decree subdividing the land, and all the evidence as to the personal assets and debts of the estate, the probable expenses of administration, the value of each of the several parcels of real estate covered by the mortgage, and the amount of the mortgage debt consisted

of oral testimony, and the appellant had the burden of proof under his affirmative answer to establish that part of decedent's real estate set off to him was not included in what it would be necessary to sell.

The rule by which this court is governed in passing on a motion for a new trial because of the alleged insufficiency of the evidence is to accept as true all evidence and all inferences from the facts so proved which tend to sustain the finding, if any there be, and to reject and disregard all evidence to the contrary. Tested by this rule, the evidence was not insufficient.

10-12. Over an objection and exception by appellant, the trial court admitted in evidence what purported to be a judgment rendered some months before the commencement of this action to sell real estate, in a suit by Henry F. Brier, Fred Brier and others against appellant and the cross-complainant herein, Charles E. Brier, and the former owner of the mortgage on said lands, to the effect that said plaintiffs in that action should take nothing, and that the defendants therein should recover their costs; with the added recital that the rights of the defendant owner of the mortgage, since allowed as a claim against the estate on behalf of his assignee, should not be affected thereby. The objection offered to its admission was that it did not tend to prove any issue in the case and could not affect the decree in the partition suit. And, on appeal, counsel for appellant say that the purpose for which this evidence was offered "was evidently to nullify the effect of the O. K. on the report of the commissioners by the mortgagee"; the report of the commissioners making partition of the lands, as read in evidence, having borne an indorsement on the back of "O. K. D. A. Myers, Attorney for Rosebrock," who then owned the mortgage. But no issue having been joined in the partition suit between appellant and the owner of the mort-

gage, the mortgagee having merely asked to have his rights protected, and the report of the commissioners not purporting to release any part of the mortgaged tract from the lien of the mortgage for the entire debt, placing an "O. K." on the report did not amount to an agreement by the mortgagee that judgment should be entered releasing appellant's parcel from the lien of that part of the mortgage ordered to be paid by Henry F. Brier and Fred C. Brier to equalize their shares of the land partitioned, even if the decree of partition entered thereon had so provided, which it did not. That being true, and the case having been tried without a jury, we do not perceive how the admission of evidence that in a former action against appellant and others the plaintiffs had recovered nothing could operate to his prejudice. The introduction of evidence wholly immaterial, that had no tendency to mislead the judge who tried the case as to any of the facts on which the rights of the parties depended, is not cause for reversing the judgment. *Indiana Union Traction Co.* v. *Hiatt, Admr.* (1916), 65 Ind. App. 233, 246, 114 N. E. 478.

The judgment is affirmed.