PHILBIN ET AL. *v.* CARR ET AL.

[No. 12,709.   Filed June 29, 1928.   Rehearing denied June 27, 1929.
Transfer denied December 10, 1929.]

*John L. Davidson, Osborn, Osborn & Link, Knapp &
Campbell, John R. Cochran* and *Leonard F. Martin,* for
appellants.

*Darrow, Rowley & Shields, Arthur H. Jones, Everett G.
Ballard* and *Pickens, Davidson, Gause & Pickens,* for
appellees.

NICHOLS, C. J.—This is the second appeal of this case.
See *Philbin* v. *Carr* (1920), 75 Ind. App. 560, 129 N. E.
19.   Upon the former consideration, in determining
whether or not reversible error had been committed by
the trial court, it became necessary for us to consider
and determine from the record what title, if any, appel-
lants had in and to the land in controversy—this, upon
the principle that if the appellants had no interest in
said land, there was no error of which they could com-
plain.   Upon such consideration, we determined from
the record, from the same evidence as at the trial result-
ing in the judgment from which this appeal, that appel-
lants were the holders of the legal title to the said land,
which is a complete record title.   This holding, right or

wrong, became the law of the case, and, as such, was binding upon the court in the trial from which this appeal is now prosecuted, as well as upon us in our present consideration of the case. Notwithstanding our former holding, the trial court, at the second trial, by its instruction No. 2, instructed the jury that appellants, who had averred in their cross-complaint that they were the owners of the entire fee-simple title to the real estate involved, had not established the allegations of their cross-complaint, and that the jury's finding on the cross-complaint should be against them; by appellee's instruction No. 14, the question was left to the jury as to whether appellants, under their cross-complaint, had proved their title by heirship or testamentary disposition from their ancestors, with the instruction that, failing so to do, the jury should find for appellee on the cross-complaint.

By appellee's instruction No. 1, the jury was told that appellants had the burden of proving their title by a fair preponderance of evidence. This instruction was technically correct as far as it went, but, in view of our former decision, which is the law of this case, the jury should also have been told appellants had discharged that burden. These instructions were erroneous, in that they were contrary to the law of the case as determined upon the same evidence in the former appeal, it having there been determined, as stated above, that the legal title was in appellants.

Divers instructions were given by the court to the jury, submitting to it the question as to whether appellee had acquired title to the real estate involved by adverse possession. The evidence at this trial, particularly that pertaining to adverse possession, was the same as at the former trial, and, on the former appeal, it was held that, taking the evidence alone most favorable to appellee, excluding all other, it fell far short of fulfilling

the requirement of the law, and failed signally to make out a case of adverse possession.

Upon the same evidence then, on the former appeal, it was determined as a matter of law that appellee had not acquired title to the land by adverse possession. Without change in the evidence, this holding constituted the law of the case at the second trial, and the question was not for the jury.

We deem it unnecessary to consider other questions presented, and we do not consider them. The judgment is reversed, with instructions to grant a new trial.

Dausman, J., absent.

McMahan, J., not participating.