SECOND NATIONAL BANK OF ROBINSON, ILLINOIS *v.* SCUDDER ET AL.

[No. 26,701. Filed March 17, 1937. Rehearing denied June 23, 1937.]

13.   (1917), 186 Ind. 569, 572, 117 N. E. 607.

*Morton C. Embree,* and *Charles O. Baltzell,* for appellant.

*Mattingly & Myers, G. D. Dean, George W. Lackey,* and *Griffith D. Dean,* for appellees.

HUGHES, J.—The appellees, Eugene H. Hartman, Fred L. Hartman, and Elizabeth L. Hartman, have filed a motion to dismiss this appeal for the reason that the appellants have not named in the assignment of errors all parties who are necessary to the appeal and therefore this court has no jurisdiction of the case.

It appears from the record that a large number of defendants were defaulted. Part of the defaulted defendants were personally served by summons while other defaulted defendants were constructively served by notice. The following defendants who are not named in the assignment of errors were duly notified of the filing and pendency of the action in the court below by publication: John H. Taylor, Lula C. Taylor, Grant Taylor, Cora Taylor, Ada Hiteshew, Otto Geiger, Mrs. Otto Geiger, Walter Sargent, Mrs. Walter Sargent, and Ella C. Peek.

The action was to recover judgment on certain notes and to foreclose a mortgage which had been executed to serve said notes.

It is alleged in the complaint that Fred L. Hartman, Elizabeth L. Hartman, Grant Taylor, and John H. Taylor executed the notes sued upon and that to secure the payment of said notes John H. Taylor and Lula C. Taylor executed a mortgage on certain real estate and personal property.

It is also alleged that all of said defendants are claim-

ing an interest in said property so mortgaged, all of which is adverse and inferior to the interests of the plaintiff under said mortgage. In the prayer of the complaint, the plaintiff demands personal judgment against the defendants, John H. Taylor, Grant Taylor, Fred L. Hartman, and Elizabeth Hartman, for a large sum of money; that the description of the real estate in the mortgage be corrected to conform to the true description and for a decree foreclosing said mortgage as against all the defendants and that plaintiff be adjudged to have a prior and superior lien against all of said property as against all of said defendants.

The assignment of errors constitutes the appellant's complaint in this court and Rule 6 of this court provides that the assignment of errors shall contain the full name of all parties to the judgment. As said in the case of *Gourley* v. *Embree* (1894), 137 Ind. 82, 36 N. E. 846:

> "The assignment of errors constitutes the appellant's complaint in the Supreme Court, and by it he must bring the proper parties before the court, and properly set forth the causes upon which he relies for relief. A failure to do any of these things is fatal to his standing in court. He can not have a lawsuit by himself nor can he select from the parties to the final judgment such as he chooses to name, and omit the others. He must name all who are affected by the judgment appealed from. If he has not done so, the assignment of error will be held unavailing whenever the defect is brought to the notice of the court."

It is the rule that it is only parties to judgment and not merely parties to the record who must be made parties to an appeal. But when parties to the record will necessarily be affected in their interest by the action or judgment by appeal, they must be joined as parties. *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 97 N. E. 791.

The judgment rendered in the instant case is as follows:

"The court being advised finds for the defendant and that the plaintiff take nothing on its complaint herein and that the defendants recover of and from the plaintiff, all their costs and charges herein laid out and expended.

"It is therefore considered, ordered and adjudged by the court that the plaintiff take nothing on its complaint herein and that the defendants recover of and from the plaintiff, all their costs and charges herein laid out and expended."

As to those defendants who were personally served with process and made default, they are not necessary parties to this appeal. Prior to the Act of 1911, Ch. 157, Sec. 2, p. 415, Secs. 2-1007 and 2-1011 Burns 1933, §§111 and 115 Baldwin's 1934, it was held in many cases of this court that a defaulting defendant could appeal to this court without first seeking to have the default set aside and assigned as error, upon the following reasons:

1. That the complaint did not state facts sufficient to constitute a cause of action, and

2. That the court did not have jurisdiction of the subject matter.

*Trippeer* v. *Clifton, supra; Lee* v. *Mozingo* (1895), 143 Ind. 667, 41 N. E. 454; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

Since the Act of 1911 heretofore mentioned, which is an amendment to the Act of 1881 (Spec. Sess.), Ch. 38, Sec. 89, the sufficiency of a complaint can not for the first time be questioned in this court in an assignment of error on appeal. *Pittsburgh, C. & C. R. Co.* v. *Home Insurance Co.* (1915), 183 Ind. 355, 108 N. E. 525; *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Cleveland C. C. & St. L. R. Co.* v. *Markle*

(1918), 187 Ind. 553, 119 N. E. 371; *Heck* v. *Wayman* (1932), 94 Ind. App. 74, 179 N. E. 785.

The provision in question is as follows:

". . . If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action."

Sec. 2-1011 Burns 1933, §1015 Baldwin's 1934.

The only error that could now be assigned in this court by the defaulted defendants who were personally served with process is that the lower court did not have jurisdiction of the subject matter. It is clearly shown by the record that the court had jurisdiction of the subject matter. This being true these defaulted defendants are not in any position to assert any error available to them. If the judgment had been against them they could not have successfully appealed, for the reason that the only error they could have assigned would have been that the court did not have jurisdiction of the subject matter and they would have then been confronted with the record which shows that the court did have jurisdiction of the subject matter. They have no interest in maintaining the judgment, and no interest to be protected by the judgment on appeal. They are in the same position as if they had filed a disclaimer.

Where a defendant fails to demur or answer to a complaint and judgment is taken by default, such failure is a confession that the complaint is true as to the facts alleged therein, *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351, except allegations of value or amount of damage which must be proved.

*Briggs* v. *Sneghan* (1873), 45 Ind. 14; *Fisk* v. *Baker*

(1874), 47 Ind. 534; *Bash* v. *VanOsdol* (1881), 75 Ind. 186; *Rooker* v. *Bruce, supra.*

In the case of *Fisk* v. *Baker, supra,* the appellant brought the action for the recovery of real estate described in the complaint and damages for its detention. The appellee Baker, who was defendant, made default. Among other things the court said (p. 537) :

"There was no demurrer to the complaint, and consequently no issue of law in reference thereto. There was no answer to the complaint, and consequently no issue of fact. The failure of the appellee to demur or answer the complaint was a confession that the complaint was true as to the facts stated, and sufficient in law to entitle the appellant to the relief demanded. The right of the appellant to the immediate possession of the land described was admitted, and as to that there was nothing to try. The failure to answer did not admit the amount of the damages claimed, and the appellant was therefore required to prove such damages."

Sec. 2-1055 Burns 1933, §160 Baldwin's 1934, provides :

"Every material allegation of the complaint not controverted by the answer . . . shall, for the purpose of the action, be taken as true . . . ."

It is alleged in the complaint that all of the defendants were claiming an interest in the property mortgaged which was inferior to the interest of the plaintiff and the court was asked to declare its lien superior to any rights of the defendant. These allegations of the plaintiff were not denied by the defaulting defendants and the failure to deny admits the truth of the allegations.

Therefore the admission of the truth of these allegations and the fact that the court had jurisdiction of the subject matter, compels us to conclude that these defendants have absolutely no interest in maintaining the judgment and could in no way be affected by the result

reached by this appeal and therefore are not necessary parties and the motion to dismiss as to them should be overruled.

As to these defendants who were constructively summoned, another question is presented. Sec. 2-1059 Burns 1933, §164 Baldwin's 1934, provides:

"The statements of a complaint, against a defendant constructively summoned, and who has not appeared, except such as are for his benefit, shall not be taken as true, but shall be established by proof."

Service by publication was had upon the following defendants: John H. Taylor, Lula C. Taylor, Grant Taylor, Cora Taylor, and others. It is alleged in the complaint that Fred L. Hartman, Elizabeth L. Hartman, Grant Taylor, and John Taylor executed the notes sued upon and that John H. Taylor and Lula C. Taylor executed the mortgage sued upon to secure the said notes.

It is apparent that the Taylors who executed the notes and the mortgage as alleged, have a vital interest in upholding the judgment as rendered. The rule is well established in this state that all parties to the judgment below adverse to the appellant, who have an interest in maintaining it as against the relief he is seeking, must be named as parties in the assignment of errors, in order that this court may have jurisdiction. *Gary State Bank* v. *Gary State Bank et al.* (1936), 102 Ind. App. 342, 2 N. E. (2d) 814; *Brier* v. *Childers, Admr.* (1925), 196 Ind. 520, 148 N. E. 474; *Hughes* v. *Yates* (1924), 195 Ind. 182, 144 N. E. 863; *City of Crown Point* v. *Chipman* (1923), 193 Ind. 642, 141 N. E. 453. The statute specifically says that as to those constructively summoned the allegations of the complaint must be established by proof. When the lower court made a finding and judgment for the defendants, the presumption must be that it followed the statute and after hearing the evidence, determined

that the plaintiff failed in his proof as against these defendants and rendered judgment in their favor.

No personal judgment, of course, could have been taken against those constructively served but it was prayed for in the complaint as against John H. ▉ Taylor and Grant Taylor. We can conceive of no reason why the Taylors were not necessary parties to this appeal. It will not do to say, as contended by appellants, that after default they were not in a position to have a judgment in their favor. If the plaintiff failed to sustain the allegations of his complaint as to these defendants, then it was the duty of the court to find for them. Moreover, in the instant case, Hartman and Hartman, co-defendants and co-makers of the notes, as alleged, appeared, filed answers, and made defense to the action which was not entirely personal to them.

> "Where one defendant suffers a default, while the other pleads and goes to trial and defends successfully on a ground not personal to himself, his success will inure to the benefit of the defaulting defendant, and judgment must be rendered for both, and in such a case it is erroneous to render a judgment for defendants who have successfully defended the action and against those who have defaulted."

34 C. J. 152, Sec. 360; *Stapp* v. *Davis* (1881), 78 Ind. 128; *Elec. Co.* v. *Wallace Co.* (1931), 328 Mo. 782, 41 S. W. (2nd) 1049.

We think it is clear that the defendants who were constructively summoned, and especially the Taylors, are necessary parties to this appeal. If possible, the ▉ merits of a case should always be passed upon but in the instant case, we are compelled to sustain the motion to dismiss since we have no jurisdiction of the case, for the reason that all necessary parties are not named in the assignment of errors.

Fansler, J. dissents.