CARR, ADMINISTRATOR, ET AL. *v.* GARY LAND COMPANY ET AL.

[No. 16,111. Filed March 9, 1938. Rehearing denied April 19, 1938.]

*Prete & Springman, E. G. Ballard* and *John W. Lyddick,* for appellants.

*Knapp, Allen & Cushing* and *Crumpacker & Friedrich,* for appellees.

LAYMON, C. J.—This is an attempted vacation appeal from a judgment in favor of appellees, quieting their title to certain lands situated in Lake County, Indiana. The cause is a re-trial of the case of *Philbin* v. *Carr* (1928), 90 Ind. App. 445, 162 N. E. 247.

On August 16, 1935, before the re-trial of the cause, on written motion of cross-complainants and upon order of court, other persons were made defendants to the cross-complaint, namely; George Buckingham, George Buckingham, Jr., Beatrice L. Perkins, Clarice Dungan, Robert Buckingham, Grace Caldwell, George Buckingham, executor under the last will and testament of Clara Rhoda Buckingham, deceased, Gilbert Gruenberg, administrator of the estate of Clara Rhoda Buck-

ingham, deceased, Edward A. Zimmerman, Edward A. Zimmerman, Jr., and George W. Rauch, Receiver of the First National Bank of Marion, Indiana, administrator *de bonis non* of the estate of Albert C. Carver, deceased.

The motion to make additional parties alleged that Drusilla Carr, who was originally a cross-defendant to the cross-complaint, died during the pendency of the action, and prayed that all of the above-named parties, as her heirs, devisees, legatees, grantees, and successors to her alleged title and interest in the subject-matter of the action be made cross-defendants. Whereupon the court found, among other things, that said motion to substitute should be granted as prayed and ordered the named parties substituted as parties cross-defendant.

At the time of making said parties additional defendants to the cross-complaint, service of process as to said additional defendants was ordered by summons and notice by publication. The summons was returnable September 23, 1935, and the notice by publication October 21, 1935. On September 9, 1935, cross-defendant Gilbert Gruenberg, administrator of the estate of Clara Rhoda Buckingham, deceased, appeared by counsel and filed an answer. On June 8, 1936, proof of personal service was made on George W. Rauch, receiver of the First National Bank of Marion, Ind., administrator *de bonis non* of the estate of Albert C. Carver, deceased. He was thereupon defaulted. On the same day proof of publication of notice was made as to George Buckingham, George Buckingham, Jr., Beatrice L. Perkins, Clarice Dungan, Robert Buckingham, Grace Caldwell, George Buckingham, executor of the last will and testament of Clara Rhoda Buckingham, deceased, Edward A. Zimmerman, and Edward A. Zimmerman, Jr., and said parties, and each of them, were defaulted. Evelyn Carr was made an additional party defendant to the cross-complaint by order of court on May 16, 1936, against

whom service was had by publication of notice as to non-residence and proof thereof. She was, on July 16, 1936, defaulted. The cross-complaint consisted of one paragraph, to which answers of general denial were filed by appellants and Gilbert Gruenberg, administrator of the estate of Clara Rhoda Buckingham, deceased. All of the remaining defendants to the cross-complaint were defaulted.

The cause was submitted to the court with the intervention of a jury, resulting in a verdict against all of the defendants to the cross-complaint. Whereupon the court entered a judgment that the cross-complainants are the owners in fee simple of the real estate described in the cross-complaint and that the claims of the defendants to the cross-complaint, and each and all of them, in and to said real estate are without right and unfounded, and that the cross-complainants' title to said real estate be, and the same is hereby, quieted and forever set at rest in the cross-complainants against the defendants to the cross-complaint, and each and all of them, and their claims therein and thereto, and against all persons claiming any right, title, or interest in or to said real estate by, through, or under said defendants or any of them.

In due time the cross-defendants filed a separate and several motion for a new trial, which was overruled, and attempted to perfect this appeal.

The jurisdiction of this court to determine the appeal on its merits is challenged by appellees' motion to dismiss in which they aver that there is a defect of parties; that all of the necessary parties to the judgment below are not made parties to this appeal; that the time allowed to perfect the appeal has expired; and that the transcript has been on file in the clerk's office of this court for more than thirty days, and no steps have been taken to bring the omitted parties into court.

It has been many times and consistently held by both the Supreme Court and this court that the right to an appeal is a statutory right and that one seeking to avail himself of the right must comply with the statutory provisions granting it. *State* v. *Nagel* (1928), 200 Ind. 270, 163 N. E. 97.

In the case of *Lovett* v. *Citizens Trust, etc., Bank* (1929), 200 Ind. 608, 613, 165 N. E. 545, the Supreme Court said: "The right of appeal is given by statute, or it does not exist. In acquiring jurisdiction over a particular case, this court does not exercise its inherent powers, but must exact a compliance with statutory provisions."

It is the rule that only parties to the judgment, and not merely parties to the record, must be made parties to an appeal. But when parties to the record will necessarily be affected in their interests by the action or judgment by the appeal, they must be joined as parties, and notice given them as provided by the statute. This is for the obvious reason that the judgment cannot be appealed from piecemeal, and the parties whose interests may be affected by affirmance or reversal of the judgment must be before the court to enable it to dispose of the case as an entirety. *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 97 N. E. 791.

Appellants admit that the above named parties were omitted as parties to this appeal but assert that they have no interest whatever, in maintaining the judgment of the trial court or having it reversed, and are not necessary parties to this appeal; that the omitted parties made no claim of ownership to any part of the real estate involved; that the appellants claimed interest through Drusilla Carr, the original plaintiff in the action, who prosecuted the action from the time it was instituted until the time of her death in September of 1930, and that the named appellants claimed through

her either by deed of conveyance or by her last will and testament; that the omitted parties had no conveyance by deed or otherwise from said Drusilla Carr, deceased, nor were they devisees under her last will and testament, nor did they set up any claim of ownership whatever to the real estate involved, and hence they did not have a common interest with the appellants; and that therefore the affirmance or reversal of the judgment appealed from would not affect the right or interest of such alleged co-parties or co-defendants.

The contentions made by appellants could not be tenable under the state of the record. It is true that Drusilla Carr was the original plaintiff at the time of the institution of the action and up until her death in 1930; that before a re-trial of this cause her death was suggested to the trial court, and certain of her devisees and grantees were substituted as parties plaintiff; that thereafter an attempt was made to file a second paragraph of complaint, but upon the objection of the defendants thereto being sustained, this paragraph of complaint was rejected. The first paragraph of complaint was dismissed before the verdict was returned, thus leaving the issues joined by the cross-complaint and the answer and default of the cross-defendants to be determined and adjudicated.

The complaint was dismissed. Hence there was no claim of ownership asserted by the cross-defendants, except such as might be interposed as a defense to appellees' claim of title, which may be asserted under an answer in general denial. The pleadings we have before us consist of the cross-complaint and the separate and several answers of a part of the cross-defendants. From these, when considered together with the default of the remainder of the cross-defendants and the verdict and judgment of the trial court, we are unable to ascertain what claim or interests in the real estate involved the

cross-defendants, or any of them, could or would assert, and which, if asserted, would inure only to the benefit of a part of them.

The cross-complaint alleged in substance, among other things, that all of the cross-defendants were asserting claims to title which were unfounded, without right, and which cast a cloud upon the title asserted by appellees. The cross-complaint states a general issue of claim of title as against all cross-defendants alike.

The cross-defendants omitted from this appeal were heirs and grantees of Drusilla Carr, as found by the trial court in its order of substitution. Before her death appellees' claim to title upon the cross-complaint was against her, and after her death her heirs, devisees, legatees, and grantees, as found by the court, were made parties cross-defendant in her stead. The defense interposed by any of the cross-defendants would inure to the benefit of all. Each and all of the omitted parties were parties to the judgment and not merely parties to the record. If appellants' claim to title is well-founded, the omitted parties are as much interested in the judgment as are appellants. Their interest would be affected by any decision made on appeal, and their presence before this court is essential to a full determination of the rights of all parties affected by the judgment below.

In the case of *Second Nat'l Bank of Robinson, Ill.* v. *Scudder* (1937), 212 Ind. 283, 6 N. E. (2d) 955, the Supreme Court of our state, in passing upon the necessary parties to an appeal, has distinguished between parties upon whom personal service was had and parties upon whom service by publication of notice was had. The court held that those who were personally served with process and made default were not necessary parties and those who were constructively summoned and defaulted were necessary parties.

Appellants contend that the rule sought to be invoked

by appellees' motion to dismiss is not a hard and fast rule and that the motion is insufficient in certain particulars.

It is the duty of the court in every appeal, to first determine whether it has jurisdiction of the cause, and this is so, whether the question is presented for consideration of the court by the parties or not. *Gaeth* v. *Hack* (1937), 103 Ind. App. 466, 8 N. E. (2d) 1022, and cases therein cited.

If at all possible the merits of an appeal should always be passed upon, but here we are confronted with a jurisdictional fact which, under the record and our statute, cannot be avoided.

The motion to dismiss is sustained. Appeal dismissed.

Curtis, J., not participating.