JOHNSON, JR., ET AL. *v*. THE INDIANAPOLIS CO.

[No. 27,188. Filed March 29, 1939. Rehearing
denied May 1, 1939.]

*Elijah L. Johnson,* and *Joseph K. Brown,* for appellants.

*Ralph Lett, John A. Royse,* and *Howard P. Travis,* for appellee.

FANSLER, J.—This is an appeal from a judgment in favor of the appellee upon a promissory note. The judgment is against the appellants and Ernest Watkins, who was a codefendant of the appellants below. It is a vacation appeal. The appellee has moved to dismiss the appeal upon the ground that Ernest Watkins, the appellants' codefendant below, was not served with notice of the appeal. Section 2-3213 Burns' Ann. St. 1933, section 474 Baldwin's Ind. St. 1934, provides: "A part of several coparties may appeal to the Supreme or Appellate Court, but, in such case, they

must serve written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with the clerk of such court. . . ." Since no notice was served upon Watkins, the appeal must be dismissed.

Watkins was personally served below and defaulted, and it must be conceded that the expressions in the opinions upon the question of whether or not defaulted defendants are necessary parties to an appeal, and whether it is necessary to serve them with notice, are most confusing. It is noted that, under section 2-3212 Burns' Ann. St. 1933, section 476 Baldwin's Ind. St. 1934, coparties are not necessary parties to a term-time appeal, and, of course, no notice to them is required.

The case of *Second National Bank of Robinson, Ill.* v. *Scudder et al.* (1937), 212 Ind. 283, 6 N. E. (2d) 955, involved an appeal taken in term. In most of the decisions the necessity for making a person a party to an appeal is made to depend upon whether the person himself might have appealed, but it is clear that this is not a safe guide. But, under the statute in question, notice to all coparties of a vacation appeal is a minimum requirement.

The appeal is dismissed.